## Hovey's Estate.

*Corporations — Foreign corporations —Doing business —Registration— Commission merchant—Act of April* 22, 1874, *P. L.* 108.

A foreign corporation which sells its goods to commission merchants, and has no place of business in Pennsylvania, and is not registered under the act of April 22, 1874, may recover from the estate of a commission merchant who has guaranteed his sales, the amount of sales made by decedent within the state to purchasers who subsequently failed to pay.

Argued Jan. 8, 1901. Appeals, Nos. 124, 145, 150, 156 and 157, Jan. T., 1900, by Mechanics' National Bank et al., from decree of O. C. Phila. Co., Jan. T., 1897, No. 324, dismissing exceptions to adjudication in the Estate of Franklin S. Hovey, Deceased. Before McCOLLUM, C. J., MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Exceptions to adjudication.

From the adjudication it appeared that the principal controversy before the auditing judge was with reference to the claim of the Merrick Thread Company, a manufacturing company incorporated under the laws of Massachusetts, located at Holyoke, in that state. The decedent was a wholesale and retail commission merchant, duly licensed as such, and paying an

annual license of $150. His place of business in Pennsylvania was in Philadelphia, but he also carried on the same business in Maryland and, perhaps, in Virginia. For many years he had sold the goods of the Merrick Thread Company as a commission merchant, at first receiving a salary, but afterwards, as long ago as 1882, upon a commission of seven and one half per cent, with the allowance of certain actual expenses. In consideration of this commission all of his sales were guaranteed. The Merrick Thread Company sold its goods through commission merchants in various parts of the country. Those sold by the decedent were sent to him from time to time, with proper invoices, and were entered to its credit upon his books. His billheads and letterheads stated that he was agent for this company and for some others, and the same thing appeared on a sign at his place of business; but the company had nothing whatever to-do with the renting or location of this place, which was under his exclusive control—the only relation between him and it being that of commission merchant and consignor. During the whole course of dealing between them, covering a period of many years, he rendered monthly accounts of sales, and from time to time made remittances. Twice a year he rendered an additional account; and these accounts, monthly and semiannual, were examined by the company or its officers, and after certain trifling corrections in a few cases, were marked "approved" or "correct." The business thus done was a very large one, exceeding $1,000,000, and for a number of years the balances due by the decedent to the company, including his guaranteed sales, amounted to many thousand dollars. At the time of his death, the balance so due, as shown by his general books of account, was $80,956.84, and this corresponded with the books of the company, as made up from the accounts so rendered by him to it.

Exceptions to the adjudication were dismissed by the court, HANNA, P. J., filing the following opinion :

The several questions arising upon the settlement of the account of the administrator have been so fully and carefully considered by the auditing judge, and as we agree with the conclusions reached by him, it is perhaps needless to add to what is so well expressed and fully sustained by the authori-

ties and precedents relied upon.    Notwithstanding the able and
earnest argument of counsel for the excepting creditors, we
are well satisfied that the foreign creditor, whose standing
and right of recovery are so strongly contested, is entitled to
recognition and to share with the other creditors.    Its claim
is to recover moneys due by decedent as agent and factor,
upon his contract as guarantor, and for goods sold by him,
yet surely this is not such a carrying on business by a foreign
corporation as is contemplated by the act of April 22, 1874,
and will defeat its right to sue or present its claim.    Decedent
was not the representative or agent of the foreign corporation
in the strict sense of the term, nor was his store or office its
place of business ; he was a commission merchant, and selling
in his own name the goods manufactured by the creditor
claimant and others in the same line of business consigned
to him for sale.    This was the nature of his agency.    As said
by Justice FELL in Wolff Dryer Co. v. Bigler & Co., 192 Pa.
466, the foreign corporation " had no office or place of business
in Pennsylvania, and no part of its capital was here," citing
also Mearshon & Co. v. Pottsville Lumber Co., 187 Pa. 12.
But apart from this question, the claimant is entitled to re-
cover, as settled by the recent case of Smith v. Blachley, 188
Pa. 550.

The exceptions of the thread company were not urged, and
may be considered withdrawn.

The remaining exceptions are dismissed, and the adjudica-
tion confirmed upon the approval of the schedule of distribu-
tion.

*Error assigned* was the decree of the court.

*George P. Rich,* of *Rich & Boyer,* and *James A. Develin,*
with them *John M. Gest* and *William B. Crawford,* for appel-
lants.—The foreign corporation cannot recover from decedent
as its agent on his contract with it to guarantee the sales made
by him, the amount of sales made by him within this state to
purchasers who subsequently failed to pay: Milsom Render-
ing & Fertilizer Co. v. Kelly, 10 Pa. Superior Ct. 565 ; Mear-
shon & Co. v. Pottsville Lumber Co., 187 Pa. 12 ; Wolff Dryer
Co. v. Bigler & Co., 192 Pa. 466 ; Phœnix Silk Mfg. Co. v.

Reilley, 187 Pa. 527; N. J. Steel Tube Co. v. Riehl, 9 Pa. Superior Ct. 220; Lasher v. Stimson, 145 Pa. 30; Kilgore v. Smith, 122 Pa. 48; Swing v. Munson, 191 Pa. 582; Blakeslee Mfg. Co. v. Hilton, 5 Pa. Superior Ct. 184; Commonwealth Mut. Fire Ins. Co. v. Sharpless Bros., 12 Pa. Superior Ct. 333; West Jersey Ice Mfg. Co. v. Armour & Co., 12 Pa. Superior Ct. 443; Mut. Benefit Life Ins. Co. v. Bales, 92 Pa. 352; Citizens' Trust & Surety Co. v. McCanna & Fraser Co., 6 Pa. Dist. Rep. 25.

*John G. Johnson*, with him *Frederick J. Shoyer*, for appellee.—No business was shown to have been done by the appellee within this commonwealth: Hamberger v. Marcus, 157 Pa. 133; Hunter's App., 16 W. N. C. 478; Allen v. Tyson-Jones Buggy Co., 91 Texas, 22; Com. v. Standard Oil Co., 101 Pa. 119.

PER CURIAM, February 18, 1901:

The exceptions to the conclusions arrived at by the auditing judge were, upon due consideration, dismissed, and the conclusions aforesaid were approved. The assignments of error are nothing more than a repetition of the exceptions dismissed. The argument based on the exceptions has not resulted in a conviction of error in the adjudication. The latter appears to have been carefully considered by the auditing judge and to be well sustained by principle and authority. The decree of the orphans' court is sustained and the assignments are dismissed.

Decree affirmed and appeals dismissed at the costs of the appellants.