## Pierson v. Krause, Appellant.

*Affidavit of defense—Judgment for part of claim—Failure to adjudicate.*

Where a rule is taken under the Act of July 15, 1897, P. L. 276, for a judgment for the amount as to which the affidavit of defense is insufficient, the court cannot enter a valid judgment by merely making the rule absolute as to an amount mentioned, without having previously adjudicated the portion or portions of the affidavit of defense deemed insufficient as to the portion of the claim for which judgment is asked.

In such a case the practice which ought to commend itself, is an adjudication by the court in its own words as to what portion or portions of the affidavit it adjudges insufficient. This would not in all cases, necessarily involve an opinion, though one, however brief, could hardly ever be out of place as the court's vindication of its own judgment, and as an aid to the appellate court in determining whether it ought to be affirmed.

208    115
e 27 SC ¹537
208    115
32 SC ¹262

Argued Jan. 4, 1904. Appeal, No. 97, Jan. T., 1903, by defendant, from order of C. P. No. 1, Phila. Co., Sept. T., 1902, No. 1041, making absolute rule for judgment for want of a sufficient affidavit of defense in case of George W. Pierson v.

Bernard J. Krause, trading as William Krause & Son.     Before
MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER
and THOMPSON, JJ.     Reversed.

Rule on defendant for judgment against him for the amount
as to which the affidavit of defense is insufficient with leave
to proceed as to that part of the plaintiff's claim as to which
the affidavit of defense is sufficient to prevent judgment.

This rule was made absolute by the following order: "Rule
absolute for $2,907.57." The court filed no opinion and made
no adjudication as to what portion of the affidavit of defense
it deemed insufficient.

*Error assigned* was the order of the court.

*Thomas R. Elcock*, with him *William S. Messemer*, for ap-
pellant.—The act of 1897 requires the court to adjudge the
portion or portions of the affidavit of defense to be insufficient
in law and the plaintiff or plaintiffs may take judgment for
the portion or portions of said claim as to which the court
shall adjudge the affidavit of defense to be insufficient.

*M. J. O'Callaghan*, for appellee.

OPINION BY MR. JUSTICE BROWN, February 15, 1904:

This is an action of assumpsit for the recovery of $8,337.57,
for alleged breaches of two written contracts. To plaintiff's
statement of his cause of action an affidavit of defense was
filed, and thereupon two rules were taken for judgment against
the defendant. One was for judgment for the whole of the
claim for want of a sufficient affidavit of defense, and the other,
for judgment against the defendant "for the amount as to
which the affidavit of defense is insufficient, with leave to pro-
ceed as to that part of the plaintiff's claim as to which the af-
fidavit is sufficient to prevent judgment." The rule for judg-
ment for the whole claim was discharged; the other was made
absolute and judgment entered for $2,907.57. Neither rule
was granted on any specific allegation of insufficiency. There
was a mere general allegation, and, in discharging the one and
making absolute the other, the court contented itself with the

simple entries, " Rule discharged," and " Rule absolute for $2,907.57."

In utter disregard of our repeated intimations that cases ought not to be so summarily disposed of, some of the lower courts persistently enter judgments without assigning any reasons therefor, and often, when records are brought up to us on appeals, we are at loss to know why they were entered. At times we have been told by learned and reputable counsel for the appellant that they did not know and could not tell us what was the ground upon which the judgment below was entered; and counsel for the appellee have frankly stated that, of the several reasons assigned by them for the judgment in their favor, they were ignorant of the one upon which the court had relied. This may be a convenient way of disposing of cases, for some judicial labor is thus avoided; but when, as in the present case, judgment is entered in utter disregard of a statutory duty imposed upon the court in connection with the entry of its judgment, it must be reversed and the suitor's cause delayed through no fault of his own.

Judgment against a defendant for that portion of the plaintiff's claim to which the affidavit of defense is insufficient is statutory. By the Act of May 31, 1893, P. L. 185, the plaintiff may take judgment for the amount admitted to be due in the affidavit of defense, and have execution for the collection of the same, and the case shall then be proceeded in for the recovery of the balance of his demand, if anything more shall be justly due him. Here there was no admission of any amount due, but a denial of all liability, and the plaintiff, having deemed the affidavit of defense insufficient as to a portion of his claim, asked for judgment under the Act of July 15, 1897, P. L. 276, which provides, " That in all cases now pending or hereafter to be commenced in the several courts of common pleas of this commonwealth, in which affidavits of defense have been or may be filed to the claim of the plaintiff or plaintiffs, and the court shall adjudge any portion or portions of the said affidavit of defense to be insufficient in law, the plaintiff or plaintiffs may take judgment for the portion or portions of said claim as to which the court shall adjudge the affidavit of defense to be insufficient; and said plaintiff or plaintiffs shall have execution for the collection of the same, and the case shall

be proceeded in for the recovery of the balance of the claim as to which the court shall adjudge the affidavit of defense to be sufficient." By the express words of this act before judgment can be entered the court must adjudge what portion or portions of the affidavit of defense are insufficient in law, and thereupon, and not until then, may the plaintiff take judgment for the portion or portions of his claim "as to which the court shall adjudge the affidavit of defense to be insufficient." As a prerequisite to his right to judgment for a portion of his claim there must be an adjudication by the court adjudging specifically the portion or portions of the affidavit of defense which it deems insufficient as to the portion of the claim for which judgment is asked. From the record now before us we may be able to discover what portions of the affidavit of defense may have been deemed insufficient by the court below; but it is not for us to scan it for such a purpose. It was for the plaintiff, in the first instance, to point out specifically the insufficiency of any portion or portions of the affidavit of defense against which a portion or portions of his claim should prevail, and it was then for the court, if the plaintiff was entitled to judgment, to "adjudge" what portion or portions of said affidavit of defense were insufficient in law. In the entry or refusal of judgment for want of a sufficient affidavit of defense all questions raised on the rule for judgment are first for the court below, and in no such case, where legal questions fairly arise, ought we, sitting as a court of review, to be asked to do what should have been done below; but, in many cases, in which large sums have been involved and important questions raised, we have been compelled to do so, for all that we have been able to gather from the record has been " Rule absolute," or " Rule discharged." In entering judgment under the act of 1897 there can be no such practice. The record must show affirmatively that the court below had adjudged a portion or portions of the affidavit of defense to be insufficient, and what such portion or portions were. The adjudication that a portion or portions of the affidavit of defense were insufficient is what we review on appeal from the judgment entered.

In making absolute a rule for judgment for a portion of the plaintiff's claim when the application for it is in proper form,

pointing out specifically the insufficiency, the court, perhaps, adjudges what portion or portions of the affidavit of defense are insufficient, and the record may show what the adjudication is. A better practice, however, and one which ought to commend itself, is an adjudication by the court in its own words of what portion or portions it adjudges insufficient. This would not, in all cases, necessarily involve an opinion, though one, however brief, could hardly ever be out of place as the court's vindication of its own judgment and as an aid to us in determining whether it ought to be affirmed.

As this judgment does not have the adjudication which the act of assembly requires to sustain it, it must be reversed. The first and second specifications are sustained; the third and fourth need not now be considered.

Judgment reversed and a procedendo awarded.