## BETHELL v. MELLOR & RITTENHOUSE CO.

(District Court, E. D. Pennsylvania. February 28, 1905.)

### No. 34.

ADMIRALTY—ALLOWANCE OF INTEREST—DISCRETION OF COURT.

While interest is recoverable in admiralty as a matter of right on claims arising out of contract, as on a claim for freight, the allowance of interest by way of damages, as in cases of collision or other cases of pure damage, as well as the allowance of costs, is in the discretion of the court.

[Ed. Note.—For cases in point, see vol. 1, Cent. Dig. Admiralty, § 796; vol. 10, Cent. Dig. Collision, § 284.]

In Admiralty. On entry of decree for damages and costs.

Convers & Kirlin and Henry R. Edmunds, for libelant.

Horace L. Cheyney, for respondent.

HOLLAND, District Judge. While interest is allowable, as a matter of right, on claims arising out of contract, the allowance of interest by way of damages in cases of collision and other cases of pure damage, as well as the allowance of costs, is in the discretion of the court. The Scotland, 118 U. S. 507, 6 Sup. Ct. 1174, 30 L. Ed. 153. The libelant sued in this case for a balance of freight. The respondent answers the cargo was damaged to a certain amount, and $838.21 was retained as a set-off against the libelant's claim. The respondent alleged in its answer it was willing to pay the balance due over and above its claim, which was found to be a just one by this court, but such payment was never made or tendered. The libelant is responsible for the litigation and the creation of the costs on both sides of the case. We think, however, the respondent was in fault to the extent of retaining more money than its claim justified. It has been agreed by the parties that the respondent's damages shall be $475.16. We do not think that under all the circumstances it is entitled to interest on this amount, and, as the libelant's suit was on a contract for freightage, he is entitled to interest on the balance due him, and we think this balance ought to be restricted to the sum of $363.05.

As to the costs, the libelant being entirely responsible for the suit, as his liability for the damaged cargo will show, he should pay the costs in this case.

Let a decree be entered accordingly.

### Final Decree.

This case having come on to be heard on the pleadings and proofs of the respective parties, and having been argued by their proctors, and

due deliberation having been had, and the court, by its opinion herein, dated May 27, 1904, having determined that the respondent was en-titled to deduct from the freight the damage sustained by it by reason of the broken condition of the bales of licorice on delivery, and the parties having agreed on the damages of the respondent in the sum of $475.16, and the amount withheld from the freight being $838.21, which sum is now on deposit with the Pennsylvania Company as security for the claim of the respondent, it is hereby ordered, adjudged, and decreed that the libelant, Henry Bethell, recover of the respondent, the Mellor & Rittenhouse Company, the sum of $363.05, with interest from August 27, 1902, to date, amounting to $49.50, making a total of $412.55, with interest thereon until paid; the libelant, however, to pay all costs accruing in this litigation to date.