## Moore, Appellant, *v.* Eyre.

*Affidavit of defense—Judgment for part appearing to be due—Appeals —Practice, C. P.*

On an appeal by plaintiff from an order discharging a rule for judgment for want of a sufficient affidavit of defense, where the record shows that the plaintiff took simply a rule for judgment for want of a sufficient affidavit of defense, and does not show that he specifically pointed out any part of the claim as to which he deemed the affidavit to be insufficient, the court cannot be convicted of error in not making an order permitting the plaintiff to take judgment for part of his claim; but the appellate court in dismissing the appeal may do so without prejudice to the plaintiff's right to trial by jury, or to his right to move the court below for permission to take judgment for that part of his claim as to which he deemed the affidavit of defense insufficient, as provided in the Act of July 15, 1897, P. L. 276, and to any right of appeal from the refusal of such order which he would have had if the specific motion therefor had been made in the first instance.

Argued Oct. 17, 1906.    Appeal, No. 86, Oct. T., 1906, by plaintiff, from order of C. P. No. 5, Phila. Co., Dec. T., 1905, No. 1,889, making absolute rule for judgment for want of a sufficient affidavit of defense in case of J. Hampton Moore, receiver of the City Trust, Safe Deposit & Surety Company of Philadelphia, v. Lincoln L. Eyre.    Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit for rent.

From the record it appeared that the claim was for $460 for rent, part of which fell due before plaintiff's appointment as receiver, and the rest thereafter, under a lease executed before the receivership.

The defendant filed an affidavit of defense in which he set up that there was due to him from the City Trust, Safe De-

posit & Surety Company $1,601.99 on two deposit accounts, and also the sum of $200 for professional services. He therefore claimed a certificate in his favor for $1,341.99. The plaintiff took a rule for judgment for want of a sufficient affidavit of defense. The court discharged this rule.

*Error assigned* was the order of the court.

*H. B. Patton*, of *Staake & Patton*, with him *Murdock Kendrick* and *John Kent Kane*, for appellant.—It is a general rule of law that after the appointment of a receiver, leases, whether the insolvent has been landlord or tenant, determine, and any continuation of the relation is with the receiver, and under a new contract with him: Com. v. Franklin Insurance Co., 115 Mass. 278; Hunt v. Wolf, 2 Daly (N. Y.), 298; McDonnell v. White, 11 H. L. Cas. 570; Corrigan v. Trenton Delaware Falls Co., 7 N. J. Eq. 489; Hollier v. Hedges, 2 Ir. Ch. N. S. 370; McLoughlin v. Longan, 4 Ir. Eq. 325; Beechey v. Smith, 11 L. R. Ir. 88.

A receiver may elect whether or not he will perform the executory contracts entered into by the insolvent whom he represents prior to the receivership: Lumber, etc., Co. v. Land & Water Co., 120 Cal. 521 (52 Pac. Repr. 995); Spencer v. World's Columbian Exposition, 163 Ill. 117 (45 N. E. Repr. 250).

The rule which the appellant urges in this case is, more particularly, that no pre-existing contracts are binding on the receiver unless they are adopted by him: Central Trust Co. v. Land Co., 79 Fed. Repr. 19; General Electric Co. v. Whitney, 74 Fed. Repr., 664; Southern Express Company v. Western North Carolina R. R. Co., 99 U. S. 191; Kansas Pac. Ry. Co. v. Bayles, 19 Colorado, 348 (35 Pac. Repr. 744).

A creditor can only set off a claim which was liquidated at the time of the receivership: Berry v. Brett, 19 N. Y. Superior Ct. 627; Smith v. Mosby, 9 Heisk. (Tenn.) 501; Van Dyck v. McQuade, 85 N. Y. 616; Behr v. Menendez, 8 Misc. 84 (28 N. Y. Supp. 525).

*Francis J. Maneely*, for appellee.—The character of defendant's set-off is not disputed, possessing all of the elements of a

perfect one and is conceded to be good against that part of plaintiff's claim which is for rent accruing before his said appointment as receiver. Plaintiff's contention is that it is unavailing as to the rent accruing thereafter: Jack v. Klepser, 196 Pa. 187; Light v. Leininger, 8 Pa. 403; Yardley v. Clothier, 51 Fed. Repr. 506; Scott v. Armstrong, 146 U. S. 499 (13 Sup. Ct. Repr. 148); Skiles v. Houston, 110 Pa. 254; Van Wagoner v. Paterson Gas Light Co. N. J. L. 283.

OPINION BY RICE, P. J., December 14, 1906:

This action of assumpsit was brought by the receiver for rent, part of which fell due before his appointment, and the residue thereafter, under a lease executed before his appointment. In his affidavit of defense the defendant admitted the correctness of the plaintiff's claim so far as the amount was concerned, but averred that at the date of the appointment of the receiver, as well as at the prior date when the trust company closed its doors, the company was indebted to him in a considerably larger amount than the rent claimed, which, he asserted, should be set off against the plaintiff's claim to the extent thereof. It is now conceded that as to the rent which fell due before the appointment of the receiver, the set-off is proper, but if the same concession was made in the court below, the record does not show it. The rule taken was simply for judgment for want of a sufficient affidavit of defense, the exception was a general one to the discharge of this rule, the single assignment of error is to the same effect, and there is nothing in the opinion filed by the learned judge below to indicate that the plaintiff demanded judgment for less than his whole claim, or asked the court to consider the question as to his right to judgment for part thereof. " When a plaintiff moves for judgment for part of his demand under the Act of July 15, 1897, P. L. 276, it would be good practice to require him to specify the part as to which he claims the affidavit of defense to be insufficient, and to set this forth in the rule to show cause. If that be done the defendant will know with certainty the issue he is called upon to meet, the record will show what the court was called upon to decide, and the hearing on appeal from the discharge of the rule will be confined, as it ought always to be, to a review of the decision upon the

point raised in the court below:" Shea v. Wells, 8 Pa. Superior Ct. 511. Following this decision we held in Smucker v. Grinberg, 27 Pa. Superior Ct. 531, that where a statement of claim embraces two distinct items, and a rule is taken for judgment for want of a sufficient affidavit of defense for the amount of one of the items, fully specifying it, the court may give all judgment by the simple entry, rule absolute, without filing any opinion designating the item for which judgment is given. We do not say that in disposing of a general rule for judgment for the whole claim for want of a sufficient affidavit of defense, the court may not adjudge a portion or portions of the affidavit of defense insufficient, specifying them in the mode suggested in Pierson v. Krause, 208 Pa. 115, and make an order permitting the plaintiff to take judgment and issue execution for the portion or portions of the claim as to which the affidavit is adjudged insufficient, and to proceed with the action for the recovery of the balance. But the better practice is to require the plaintiff, in the first instance, to point out specifically the part of the claim as to which he deems the affidavit to be insufficient, and we think it quite clear that the court ought not to be convicted of error in not making an order permitting the plaintiff to take judgment for part of his claim, and to proceed with his action for the recovery of the balance, where neither in the application for the rule, nor in the rule itself, nor in any other manner, so far as the record shows, was the court asked to exercise the power conferred by the act of 1897.

The appeal is dismissed at the costs of the plaintiff, but without prejudice to his right to trial by jury, and a second appeal after final judgment; also without prejudice to his right to move the court below for permission to take judgment for that part of his claim as to which he deems the affidavit of defense insufficient, as provided in the Act of July 15, 1897, P. L. 276, and to any right of appeal from the refusal of such order which he would have had if the specific motion therefor had been made in the first instance.