## SLOSS-SHEFFIELD STEEL & IRON CO. v. TACONY IRON CO.

(Circuit Court, E. D. Pennsylvania.    December 22, 1910.)

### No. 1,138.

1. CORPORATIONS (§ 661*)—FOREIGN CORPORATIONS—CONTRACTS—ENFORCEMENT.

In an action by a foreign corporation in Pennsylvania on a contract made and to be performed in Alabama, it was not material that plaintiff was not authorized to do business in Pennsylvania, because of a failure to comply with Pennsylvania foreign corporations act (Act April 22, 1874 [P. L. 108]).

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2539-2546; Dec. Dig. § 661.*]

2. INTEREST (§ 28*)—RATE RECOVERABLE—WHAT LAW GOVERNS.

Where interest is given for breach of contract, the rate recoverable in general depends on the law of the place of performance, irrespective of the law of the place where the contract was made, or the jurisdiction in which suit is brought.

[Ed. Note.—For other cases, see Interest, Cent. Dig. §§ 55-59; Dec. Dig. § 28.*]

3. SALES (§ 378*)—CONTRACTS—BREACH—PLEADING—AFFIDAVIT OF DEFENSE.

Where, in an action for breach of a contract for the sale of iron, an affidavit of defense alleged that plaintiff, after a partial delivery had been made under the contract, stated it would not deliver any more iron under the contract, such statement was a sufficient allegation to support a conclusion that the contract had been rescinded.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 378.*]

At Law.    Action by the Sloss-Sheffield Steel & Iron Company against the Tacony Iron Company.    On motion for judgment for want of a sufficient affidavit of defense.    Remanded in part.

C. W. Van Artsdalen and W. Howard Ramsay, for plaintiff.

Albert B. Weimer, for defendant.

HOLLAND, District Judge.    This is a suit to recover the sum of $11,158, with legal interest, according to the law of Alabama, to wit, 8 per cent. per annum, on $1,358 from March 3, 1910, and with interest at the same rate on $9,800 from June 13, 1910.    From the statement of claim, it appears that the plaintiff seeks to recover this amount, with interest, upon a contract dated January 3, 1910, wherein it agrees to sell to the defendant 2,000 tons of pig iron, at $14 per ton, to be shipped 500 tons monthly, beginning January 1, 1910, delivered f. o. b. railroad cars at furnace at Birmingham, Ala., cash 30 days from average date of receipt of material.    Ninety-seven tons were shipped during the month of January.    No shipments were made during February or March.    During the month of April 700 tons were shipped and accepted by the defendant.    To this statement of claim an affidavit of defense was filed, which is said to be wholly insufficient to prevent judgment on this motion.

The defendant seeks to interpose one ground of defense to the whole of plaintiff's claim.    This will be first considered.    It is averred that the contract was made and accepted in the state of Pennsylvania, and

that the plaintiff is a foreign corporation, doing business in this state, without having registered in the office of the Secretary of State at Harrisburg, as required by the provisions of the Pennsylvania act of April 22, 1874 (P. L. 108), and that this failure to comply with the requirements of this act makes the transaction illegal, upon which the plaintiff cannot maintain an action in the courts of Pennsylvania or this court. The answer to this is that, if the defendant be liable on the written contract, it shows upon its face that it was made and accepted at Birmingham, Ala. It may be that there were preliminary negotiations by the plaintiff's agent here; but the contract was finally accepted at Birmingham, Ala., to be performed at the same state.

Second. A further defense to part of the claim is that the interest on the amount due should be calculated at 6 per cent., the rate prevailing in Pennsylvania, because, as it is claimed, the contract was made and accepted in Pennsylvania. If this be intended to refer to the written contract between the parties of January 3, 1910, it shows upon its face that it was made and accepted in Birmingham, Ala. If, however, the defendant refers to the contract for the delivery of the 700 tons during the month of April, which it is averred in the affidavit of defense was made between the parties after a rescission of the written contract, then it fails to set forth the place of performance, or to state when, where, and by whom this new contract was made, with sufficient particularity to prevent the plaintiff from recovering interest at the Alabama rate. Delivery of merchandise to a common carrier is the delivery to the purchaser, and as the plaintiff claims that the place of performance was at Birmingham, in the state of Alabama, where the iron was delivered, it is entitled to recover interest at the Alabama rate upon whatever amount it is entitled to recover. Where interest is given for breach of contract, the general rule is that the rate recoverable is according to the law of the place of performance, irrespective of the law of the place where the contract was entered into or the jurisdiction in which the suit is brought. 22 Cyc. 1477; 16 Amer. & Eng. Ency. of Law, 1090; Wharton's Conflict of Laws (2d Ed.) 1227; Pana v. Bowler, 107 U. S. 529, 2 Sup. Ct. 704, 27 L. Ed. 424; Scotland County v. Hill, 132 U. S. 107, 10 Sup. Ct. 26, 33 L. Ed. 261.

Third. The defendant admits in his affidavit of defense that 97 tons were shipped on April 7th on the written contract of January 3, 1910, and subject to its provisions, but avers that immediately thereafter the plaintiff demanded "a guaranty by private individuals of the contract theretofore made," and that this guaranty was refused by the defendant, whereupon, it is alleged, "the plaintiff, through its agent, rescinded the said contract, and stated that no more iron would be delivered under it." It is further claimed that no further deliveries were made under this contract, but that subsequently, during the month of April, 700 tons were shipped by the plaintiff after notice from the defendant that it would only accept the deliveries "at the current market price" of $11.75 per ton. The plaintiff urged that these allegations are insufficient to prevent judgment, as the statement "that the contract was rescinded" is a conclusion of law, but the plaintiff fails to note that the affidavit of defense states, not only that the contract was "rescinded,"

but further avers that the plaintiff "stated that no more iron would be delivered under it."

It would seem that a positive averment that the plaintiff stated it "would not deliver any more iron under the contract" is a sufficient statement of fact to support the conclusion that the contract had been "rescinded," and, if established at the trial, would be sufficient, together with the other averments, to shift the plaintiff's right to recover to the subsequent implied contract upon which 700 tons were delivered at the market price. So that we conclude that the affidavit of defense is only sufficient to prevent judgment at this time for the amount of damages claimed as a set-off for the nondelivery in February and March, and for the difference between the price of $14 per ton set forth in the statement of claim and the market price of $11.75 on 700 tons, which it is alleged in the affidavit of defense prevailed during the month of April.

The parties are requested to submit a decree, in accordance with this opinion, and judgment will be entered accordingly.