TACONY IRON CO. v. SLOSS–SHEFFIELD STEEL & IRON CO.†

(Circuit Court of Appeals, Third Circuit. June 13, 1911.)

No. 20.

1. PLEADING (§ 348*)—JUDGMENT—ON SUMMARY PROCEEDING—JUDGMENT FOR PART OF DEMAND—PENNSYLVANIA PRACTICE.

Under the Pennsylvania practice act of July 15, 1897 (P. L. 276), the court on application to it may enter judgment for any part of plaintiff's claim as to which the affidavit of defense is insufficient, and, upon the entering of such judgment, the plaintiff may have execution, and thereafter proceed with the case for the remainder of his claim.

[Ed. Note.—For other cases, see Pleadings, Dec. Dig. § 348.*]

2. CORPORATIONS (§ 672*)—FOREIGN CORPORATIONS—DOING BUSINESS IN STATE.

Where a contract sued on by a foreign corporation in Pennsylvania purports on its face to have been executed in the state of plaintiff's domicile, an affidavit of defense is insufficient to defeat the action on the ground that plaintiff was doing business in Pennsylvania without having registered as required by the state statute, where it consists only of general averments that plaintiff maintained an established office in a building in Philadelphia, with agents in charge, where it pursued its ordinary business and that the contract was procured through such agents;

no facts being set out showing the nature of the business there transacted or of the agency.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 672.*

Foreign corporations "doing business" in state, see notes to Wagner v. J. & G. Meakin, 33 C. C. A. 585; Ammons v. Brunswick-Balke-Collender Co., 72 C. C. A. 622.]

3. CORPORATIONS (§ 672*)—FOREIGN CORPORATIONS—RIGHT TO SUE.

Plaintiff sued for the price of iron alleged to have been delivered under a written contract. Defendant averred that such contract had been rescinded, and that the delivery was made under a new contract made in Pennsylvania where the suit was brought, and that, as plaintiff was a foreign corporation not registered in the state, it could not sue thereon. Held, that the affidavit of defense laid no foundation for such claim where it did not show any new contract except such as may have arisen by implication from the shipment of the iron from another state and its receipt in Pennsylvania.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 672.*]

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

Action at law by the Sloss-Sheffield Steel & Iron Company against the Tacony Iron Company. Judgment for plaintiff (183 Fed. 645), for part of its claim, and defendant brings error. Affirmed.

Albert B. Weimer, for plaintiff in error.

C. W. Van Artsdalen and W. Howard Ramsay, for defendant in error.

Before BUFFINGTON and LANNING, Circuit Judges, and YOUNG, District Judge.

YOUNG, District Judge. The Tacony Iron Company, a Pennsylvania corporation, submitted through J. K. Dimmick & Co., as sales agent for the Sloss-Sheffield Steel & Iron Company, a corporation of New Jersey, whose furnaces were at Birmingham, in the state of Alabama, a proposition for the purchase of 2,000 tons of iron of a certain quality, at the rate of 500 tons monthly, beginning January 1, 1910, at the price of $14 per ton f. o. b. cars furnaces Birmingham, Ala. The contract was marked:

"Accepted at Birmingham, Alabama, ⅛, 1910. Sloss-Sheffield Steel and Iron Company, per J. W. McQueen, Vice-President. Tacony Iron Company, per Johnson, Treas. Purchaser."

During the month of January the Sloss-Sheffield Company shipped 97 tons of iron to the Tacony Company, and a dispute having arisen between Dimmick & Co., through whom the contract had been submitted, and the Tacony Company, no more iron was shipped until April, when 700 tons of iron were shipped by the Sloss-Sheffield Company to the Tacony Company and delivered by that company. On May 12, 1910, after the 700 tons had been shipped (the last shipment having been on April 29th, although it does not appear when it was received by the Tacony Company), the Tacony Company by letter notified Dimmick & Co. that they would only pay current market prices for the iron shipped, and giving as a reason therefor that

the Tacony Company had notified Dimmick & Co. before the iron was delivered that they would only pay market prices because the Sloss-Sheffield Company had not delivered the iron during January, February, and March, as provided by the contract. Suit was brought by the Sloss-Sheffield Company, hereinafter called the plaintiff, against the Tacony Company, hereinafter called the defendant, to recover the contract price of the iron, together with interest at the rate of 8 per cent., as provided by the law of Alabama.

The defendant filed an affidavit of defense setting up the nonregistration of the plaintiff company, as required by the Pennsylvania statute, as a bar to the action. The defendant admitted in the affidavit of defense the receipt of 797 tons of iron sued for, but denied its liability for the same at the price sued for, alleging that, as to the 700 tons shipped in April, the same had been shipped after Dimmick & Co., agents of plaintiff, had stated to defendant that no more iron would be delivered under the contract, and after notice by the defendant to Dimmick & Co., as agents for plaintiff, that the iron then being shipped would be received only at market prices, and that the current prices were less than the contract price, and defendant, if liable at all, was only liable for the lower price and at a rate of interest of 6 per cent., as provided by the law of Pennsylvania, it being averred that the delivery of the said 700 tons and the receipt thereof constituted a new contract and one made in the state of Pennsylvania by a nonregistered foreign corporation, and one therefore not actionable in Pennsylvania. Plaintiff took a rule for judgment for want of a sufficient affidavit of defense, following the Pennsylvania practice act of July 15, 1897. After argument, the court entered judgment for the sum of $9,568.52, the amount admitted by the affidavit of defense, the court adjudging that the action could be maintained because the contract was not made in Pennsylvania, but in the state of Alabama, but refusing judgment for the balance of the claim because it was sufficiently averred to go to a jury whether or not as to the 700 tons the market price was $11.75 or the contract price of $14. Was there error in thus entering judgment for part of the claim?

[1] It may be stated preliminary to the discussion of the vital questions in this case that it is established by both statute and decision that the court upon application to it may enter judgment for such part of the claim as to which the affidavit of defense may be insufficient, and, upon the entering of such judgment, the plaintiff may have execution and thereafter proceed with the case for the balance of the claim. Act July 15, 1897 (P. L. 276); Moore v. Eyre, 32 Pa. Super. Ct. 259; Pierson v. Krause, 208 Pa. 115, 57 Atl. 348.

The controlling questions, however, in this case, are: First. Was the action barred by reason of the nonregistration of the plaintiff company? Second. Was the delivery of the 700 tons in April a new contract, and was the same barred by the nonregistration of the plaintiff company?

[2] An inspection of the contract shows that it was submitted by defendant through J. K. Dimmick & Co., sales agents; that it was for iron to be delivered f. o. b. railroad cars at furnaces, Birmingham,

Ala.; that this "contract" was "not binding on seller till accepted by officer named on form below"; and that it is marked:

"Accepted at Birmingham, Alabama, 1/3, 1910. Sloss-Sheffield Steel and Iron Company, per J. W. McQueen, Vice-President. Tacony Iron Company, per Johnson, Treas. Purchaser."

Unless, then, the affidavit of defense contained averments sufficient, if proved, to overcome this, the writing itself was sufficient to establish that the contract was made in Alabama. The affidavit of defense avers the following:

"The defendant further avers that the plaintiff corporation maintains and did maintain at the time this contract in question was entered into by the defendant established offices in the Land Title Building in the city of Philadelphia. The defendant avers that the Messrs. J. K. Dimmick & Co. are the agents of the said plaintiff and are in charge of the said established offices as aforesaid. The defendant avers that the plaintiff is pursuing the ordinary business of the corporation in said established offices. The defendant further avers that the contract out of which this transaction arose was procured through Messrs. J. K. Dimmick & Co., agents of the plaintiff as aforesaid, and that the contract and all negotiations relating thereto took place in the offices of the said J. K. Dimmick & Co. as aforesaid. The defendant further avers that the plaintiff corporation is therefore doing business within the state of Pennsylvania. The defendant further avers that at the time this contract was entered into by the defendant as aforesaid the plaintiff corporation had not complied with the act of April 22, 1874 (P. L. 108), relating to the registration of foreign corporations in the Secretary of State's office in Harrisburg. The defendant further avers that the plaintiff corporation was not so registered at the time of the institution of this suit. The defendant further avers that by reason of the failure of the plaintiff corporation to comply with the requirements of the said act, the alleged contract was an illegal transaction upon which the plaintiff cannot maintain any action or suit in any of the courts of the state of Pennsylvania or in this court."

The rule by which this affidavit of defense is to be measured is laid down in Hall's Safe Co. v. Walenk, 42 Pa. Super. Ct. 576, in the following language by Judge Henderson:

"The first affidavit is defective in the failure to set forth the character of the business carried on by the plaintiff in Pennsylvania. The allegation is the opinion merely of the defendant, and not a statement of the facts from which the court could determine whether the plaintiff was violating the statute in respect to registration. In a sense every foreign corporation which through its agents is selling goods within the state is doing business therein. Many such corporations are largely engaged in business in that way, but this is not doing business within the meaning of the statute. Only such corporations as have established offices or transferred a portion of their capital to this state and have engaged in the prosecution of their ordinary business therein are subject to the obligations to register. Hence the importance of setting forth the character of the business transacted. Moreover, if there was a sufficient averment that the plaintiff was at some time engaged in the prosecution of business within the state in violation of the act, it is not alleged that the transaction out of which this litigation arises had any connection with that business. * * * The burden is on the defendant to show that the conduct of its business in this state subjected it to the disability provided by the statute. This is not done by the general averment that the plaintiff had offices and places of business in the state 'several months prior to the time when the transactions between himself and the representative of the plaintiff company took place.' Where it had its places of business, what the business was and when it was transacted are not made to appear."

This decision is consistent with the former cases both in the Supreme and Superior Courts of Pennsylvania. Blakeslee Mfg. Co. v. Hilton, 5 Pa. Super. Ct. 189; Hovey's Estate, In re, 198 Pa. 385, 48 Atl. 311; Dannemiller v. Kirkpatrick, 201 Pa. 218, 50 Atl. 928.

Measured, then, by the rule thus laid down, we find that the averments are not sufficient to prevent judgment. The affidavit consists of general averments and inferences therefrom. It does not set out in detail what business was transacted at the alleged offices in Philadelphia. It does not set out such facts as would warrant the conclusion that Dimmick & Co. were agents of the plaintiff. It does not allege that the contract in question was made with Dimmick & Co., but it does contain the averment "that the contract out of which the transactions arose was procured through Dimmick & Co." It does not allege what business the corporation was doing in Pennsylvania, but contains the conclusion, "the defendant avers that the plaintiff is therefore doing business within the state of Pennsylvania."

[3] Second. Was there a new contract as to the 700 tons and was that contract made in Pennsylvania? The affidavit of defense avers that "the plaintiff through its said agents rescinded the said contract and stated that no more iron would be delivered under it." It is now argued by defendant's counsel that, the written contract having been rescinded, the shipment of iron thereafter was a proposal to deliver iron under a new contract, and that that contract was only entered into by the receipt of the iron by defendant in Pennsylvania, and that this would constitute the making of a new contract in the state of Pennsylvania, and that no action could be maintained upon it by reason of the nonregistration of the plaintiff corporation. This is a very ingenious argument, and might have some force if there were sufficient averments in the affidavit of defense to support it. But the affidavit of defense only alleges the rescission as a reason for entitling it to a lower price than that of the contract. It does not allege a new contract. The averments of the affidavit upon this matter are:

"And the defendant avers that this iron shipped during the month of April constituted iron which under the contract should have been delivered during the months of January, February, and March. The defendant avers that plaintiff has demanded the contract price for this iron so shipped. The defendant avers that on April 7, 1910, 85 tons of iron were shipped by the plaintiff to the defendant, and thereafter shipments were made during the month of April of the tonnage and at the dates set forth in schedule B attached to plaintiff's statement of claim; that, as soon as defendant heard of the shipment on April 7th, it notified the plaintiff that in view of the rescission of the written contract of December 30, 1909, by plaintiff, it would not pay for the said iron or any future deliveries of iron by the plaintiff more than at the current market price. A copy of such notice is attached hereto marked 'Exhibit A,' and made a part of this affidavit of defense."

An examination of Exhibit A shows that the notice was that in view of the failure to ship as provided by the contract the current prices would be insisted on. Taking the whole affidavit of defense and giving every possible weight to it, it certainly does not aver the making of a new contract or the facts attending the making of this new contract so it could be determined where the contract was made and what its terms were.

The court below was clearly right in entering judgment for the amount it did, and, were it not for the alleged loss by defendant by reason of the failure to deliver, judgment might have been entered for the amount of the claim, with interest.

The judgment is affirmed.