PENNSYLVANIA STEEL CO. et al. v. NEW YORK CITY RY. CO. et al.

(Circuit Court of Appeals, Second Circuit. July 18, 1912.)

No. 235.

1. CORPORATIONS (§ 568*)—RECEIVERS—SETTLEMENT OF SUITS—APPORTIONMENT OF PROCEEDS.

A final judgment at law was recovered by the receiver of a street railroad against a corporation, a certain part of which was collected on an appeal bond. Ancillary proceedings were then instituted against stockholders of the defendant, which was insolvent. The receiver also brought a suit in equity on different claims against the same corporation and others on different claims. Pending such suit and the ancillary proceedings a settlement was made, by which the receiver was paid a lump sum in full satisfaction of both causes of action, without any agreement as to its apportionment between them. Held that, in the absence of persuasive proof of equities requiring a different application, and in view of the uncertainty of collection in either case, the sum should be apportioned ratably between them, taking the amount due on the judgment, after crediting the sum collected, with interest to the date of settlement, and the amount of the claim involved in the equity suit, with interest to the same date.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2288, 2289; Dec. Dig. § 568.*]

2. INTEREST (§ 19*)—ALLOWANCE ON UNLIQUIDATED DEMANDS—DISCRETION OF COURT OF EQUITY.

In equity, the allowance of interest on unliquidated demands, especially in a case of wrongful diversion of funds, is a matter of discretion.

[Ed. Note.—For other cases, see Interest, Cent. Dig. §§ 35–40; Dec. Dig. § 19.*]

3. CORPORATIONS (§ 568*)—LEASE—CONTRACTS FOR IMPROVEMENTS BY LESSEE —EFFECT OF INSOLVENCY.

By contracts between lessor and lessee street railroad companies and a securities company, the latter agreed, for a consideration received from the lessor, to furnish a sum of money to the lessee, to be by it expended in making permanent improvements on the leased property. When a part only had been furnished, both lessor and lessee became insolvent, and their property was placed in the hands of receivers. The lessee's receiver brought an action against the securities company to recover the remainder due under the contract, and was paid a sum in settlement. Held that, after deducting the cost of such of the contemplated improvements as had been made by the lessee and its receiver, the remainder of the fund should be paid over to the lessor's receivers, and, the property having been sold in foreclosure proceedings and there being no mortgage liens thereon, that it should be applied by them to the payment of general creditors.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2288, 2289; Dec. Dig. § 568.*]

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by the Pennsylvania Steel Company and another, against the New York City Railway Company, the Metropolitan Street Railway Company, and others. From an order (196 Fed., 661) apportioning a fund in the hands of the receiver of the New York City Railway Company, appeals were taken by Adrian H.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Joline and Douglas Robinson, receivers of the Metropolitan Company, John D. Crimmins and others, as a committee of contract creditors, Charles Benner and others, as a committee of tort creditors, the Pennsylvania Steel Company and another, the Farmers' Loan & Trust Company, and the Guaranty Trust Company of New York. Modified and affirmed.

See, also, 198 Fed. 783.

Dexter, Osborn & Fleming (Theodore W. Morris, Jr., of counsel), for Ladd, receiver.

Geller, Rolston & Horan (Bronson Winthrop and Charles T. Payne, of counsel), for Farmers' Loan & Trust Co.

Benj. S. Catchings, for tort creditors.

Davies, Auerbach, Cornell & Barry (Brainerd Tolles and Julien T. Davies, of counsel), for Metropolitan St. Ry. Co.

Richard R. Rogers, for New York Rys. Co.

Byrne & Cutcheon (James Byrne and C. M. Travis, of counsel), for Pennsylvania Steel Co.

G. N. Hamlin, Morgan J. O'Brien, and Charles E. Rushmore, for contract creditors.

Masten & Nichols (Arthur H. Masten and William M. Chadbourne, of counsel), for Joline and others, receivers.

Before COXE, WARD, and NOYES, Circuit Judges.

WARD, Circuit Judge. [1] The question in this proceeding is how certain moneys and notes in the hands of the receivers of the New York City Railway Company, paid to them in settlement of a judgment in an action at law recovered against the Metropolitan Securities Company and of a suit in equity by the receivers of the City Company against the Securities Company and individual defendants, who were directors of both the City Company and the Securities Company, are to be apportioned between the two accounts. The judgment in the action at law was for the unpaid balance of a sum of $8,000,000 owed by the Securities Company to the City Company under a contract dated May 22, 1907. The action in equity was to recover the amount of an alleged wrongful diversion of the capital of the City Company to the treasury of the Securities Company. The settlement of both claims being for a lump sum in cash and notes, $5,500,000 cash and four collateral improvement 5 per cent. notes of the Metropolitan Street Railway Company for $1,000,000 each, it remained to determine in what proportion that fund should be applied to the claims respectively. The special master and the court below determined that the cash and notes should be apportioned ratably between the judgment in the action at law (after deducting the amount of security on appeal) and the claim in the equity action. We approve of this conclusion as being as fair a method as any that has been suggested or that has occurred to us.

[2] It is objected that no interest should have been allowed upon the claim in the equity suit, because it was unliquidated. We

follow in this circuit the rulings of the Court of Appeals of New York, allowing no interest on unliquidated claims. Stephens v. Phœnix Bridge Co., 139 Fed. 248, 71 C. C. A. 374. In equity, however, interest, especially in a case of wrongful diversion like this, is a matter of discretion (Lilienthal v. Cartwright, 173 Fed. 580, 97 C. C. A. 530), and we are unwilling to interfere with that discretion as exercised by the court below.

[3] The liability of the Securities Company to the City Company we have heretofore held to have been absolute, saying:

"It was clearly the intent of the parties to the May, 1907, agreements to provide a fund for paying the debts of the Metropolitan Railway Company and for necessary future construction, aggregating about $8,000,000, which sum the Securities Company undertook to furnish to the City Company absolutely and without condition." Metropolitan Securities Co. v. Ladd, 173 Fed. 269, 272, 97 C. C. A. 435, 438.

It makes no difference how the Securities Company used the eight collateral notes of the Metropolitan Company for $1,000,000, or how it raised the money to pay the City Company, or that the notes subsequently became or now are worthless. It remains true that they, with the accompanying collateral, were the consideration of the Securities Company's liability to pay $8,000,000 to the City Company. The City Company was, under article XV of the lease, bound to apply the funds so collected or to be collected of the Securities Company to permanent betterments upon the Metropolitan Company's property. Article XV, as well as the recitals in the resolution adopted by the boards of the Metropolitan Company and of the City Company May 22, 1907, and the provisions of the agreement between those companies of the same date, show that these moneys were to be so applied. The Metropolitan Company was to give its notes with collateral to the Securities Company in consideration of $8,000,000 to be paid by that company to the City Company as and when called for, and to be applied by the City Company in payment for permanent betterments of the Metropolitan Company's property. We think a court of equity, if applied to, would have prevented the City Company from using the moneys for any other purpose whatever. It follows that so much of the money and notes received by the receivers of the City Company in settlement as is apportionable to the judgment in the action at law (after deducting the expenses of realizing the same) must be applied for the benefit of the Metropolitan Company. The court below, however, rightly held that the receivers of the City Company were first entitled to deduct whatever they or the City Company had paid out on account of this fund of $8,000,000 for permanent betterments of the Metropolitan Company's property, and for any balance not paid out of the cash they were entitled to hold their share of the notes, so far as needed to reimburse them, the notes and any balance of cash not needed for that purpose to be turned over to the receivers of the Metropolitan Company. On the other hand, the share of the notes apportioned to the equity suit may be proved by the

receivers of the City Company against the estate of the Metropolitan Company.

The contract requiring the application of this fund to the improvement of the Metropolitan Company's property was made for the protection of that company as lessor, as well as for the protection of the City Company as lessee. Inasmuch as neither of these companies has now any interest whatever in the premises, it would be out of the question to apply the balance of the fund, if any, to the improvement of the property for the benefit of the purchaser at the foreclosure sale. And it would be equally out of the question to permit the City Company to keep such balance, if any, as part of its estate.

So much of the fund as may come into the hands of the receivers of the Metropolitan Company must be applied either to the payment of the bondholders under that company's mortgages or to the payment of its creditors generally. We have heretofore held that the mortgages do not cover such property as this (Farmers' Loan & Trust Co. v. Waterbury [C. C. A.] 193 Fed. 44), and as no lien has been imposed upon the premises in connection with these moneys, it is fair that they should be treated as assets for the benefit of general creditors.

The disposition of the case that we think right may be more clearly stated by consideration of the three questions which the court below submitted to the special master and the answers which the court below finally approved. They are as follows:

"Question 1. In what proportion should the net proceeds of the settlement of the action at law brought by the receiver of New York City Railway Company against Metropolitan Securities Company, and the suit in equity brought by the receiver of New York City Railway Company against Metropolitan Securities Company and its directors, be apportioned between the said action at law and the said suit in equity?

"Answer. (a) The cash and the property (upon being reduced to cash) originally received by William W. Ladd, as receiver of New York City Railway Company, as security upon writ of error in the so-called action at law hereinbefore described, should, with all accretions by way of interest actually received thereon, be applied, as of September 1, 1909, pro tanto to the satisfaction and payment of the judgment obtained in said action at law.

"(b) From the cash received upon the settlement ($5,500,000), with all accretions by way of interest actually received thereon, there will be deducted the amount of all disbursements, counsel fees, and other expenses made or incurred by the receivers in connection with the prosecution and settlement of the claims involved in the action at law and in the suit in equity.

"(c) The net proceeds of such cash remaining shall be apportioned between the action at law and the suit in equity, in accordance with the following formulæ. Let A represent the amount due as of July 8, 1910, in the action at law, as indicated in finding XXXI. Let B represent the amount, as of July 8, 1910, claimed in the suit in equity, viz., $4,027,578.60. Let C represent the cash paid on settlement, $5,500,000 plus the accretions of interest thereon actually received and minus the payment made in compliance with paragraph (b) supra. The formulæ will then be:

A+B : A :: C : Distributive Share of the Action at Law.
A+B : B :: C : Distributive Share of the Suit in Equity.

"(d) The four 5 per cent. collateral improvement notes of the Metropolitan Street Railway Company, described in the finding of fact XXXV, shall be apportioned in a like ratio."

This answer is approved.

"Question 2. To what part, if any, of the proceeds of said action at law are the Metropolitan Street Railway Company or its receivers entitled?

"Answer. The receivers of the Metropolitan Company are entitled to receive the distributive share of said action at law, ascertained as aforesaid, and said William W. Ladd, as receiver of the City Company, holds said share for the benefit of the receivers of the Metropolitan Company, subject, however, to the following deductions:

"(1) The receiver of the City Company is entitled to reimbursement from said share for the difference between the sum of $3,036,000 received by said City Company from said Securities Company as aforesaid before September 24, 1907, and the sum of the expenditures of $2,834,483.81, $336,000, and $100,000, respectively made by said City Company as found in the findings of fact in this proceeding aggregating $3,270,483.81; said difference amounting to $234,483.81.

"(2) The receiver of the City Company is also entitled to reimbursement from said share for the expenditures made upon the Twenty-Third Street loop and the First Avenue line of said Metropolitan system, described in the foregoing findings of fact, and for all such other expenditures made and obligations incurred by the City Company prior to the appointment of receivers on September 24, 1907; for the purposes described in article XV of the lease made by the Metropolitan Company to the City Company, dated February 14, 1902, as shall hereafter be found due upon an accounting to be had upon further order of the court, and

"(3) For all such further expenditures and obligations which may be similarly found to have been made or incurred for purposes described in said article XV of said lease, as were made or incurred directly or indirectly through redemption of receivers' certificates, by the receivers of the City Company from or against the estate of (and may be held to be chargeable against the estate of) that company, prior to the time as of which the said lease is to be deemed to have been no longer in effect so far as concerns properties demised by it taken into possession by the court through its receivers on September 24, 1907.

"(4) In the event of the Court of Appeals sustaining the holding of this court that the lease aforesaid became inoperative in October 1, 1907, then there shall be deducted from such share the amount of all money and the value of all property belonging to the City Company which came into the possession of the receivers of the Metropolitan Company or for which the estate of the Metropolitan Company may be held accountable to the estate of the City Company."

This answer is approved, except that subdivisions (3) and (4) are to be reserved for disposition in future proceedings.

"Question 3. Is the receiver of New York City Railway Company entitled to use, and, if so, to what extent, four certain 5 per cent. improvement notes of Metropolitan Street Railway Company, of the face value of one million dollars ($1,000,000) each, and now in his possession, as a set-off or counterclaim in respect to the claim of the Metropolitan Street Railway Company, or its receivers, to such part of said proceeds?

"Answer. If the receiver of the City Company shall ultimately secure and retain from the distributive share of the action at law the various items enumerated as deductions in the answer to question 2, he shall not be entitled to use the proportion assigned to the suit in equity of the four 5 per cent. collateral improvement notes of the Metropolitan Company, described in the aforesaid findings of fact, as a set-off or counterclaim to the claim of the Metropolitan Company or its receivers for the distributive share apportioned to the action at law. If, however, the receiver of the City Company shall not ultimately secure and retain such deductions, the said distributive share of said notes apportioned to the suit in equity may be by him used as such set-off or counterclaim. Said notes were not surrendered to the receiver of the City Company for cancellation only."

This answer is approved; the deductions mentioned being those contained in subdivisions (1) and (2) of that question.

The decree appealed from is modified, by reserving for disposition in future proceedings the matters hereinbefore so indicated, and, as so modified, is affirmed.