### EASTFIELD S. S. CO. v. McKEON.

(District Court, S. D. Alabama, S. D.    October 17, 1913.)

#### No. 1,070.

1. DAMAGES (§ 67*)—RIGHT TO INTEREST—UNLIQUIDATED DEMANDS.

The allowance of interest on damages is not an absolute right, but a matter of discretion.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 135, 136; Dec. Dig. § 67.*]

2. DAMAGES (§ 2*)—WHAT LAW GOVERNS—BREACH OF CONTRACT—RATE OF INTEREST.

Where interest is allowed for breach of contract, the rate which governs is usually that of the place of performance, which, if in a foreign country, must be proved like any other fact.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 2; Dec. Dig. § 2.*]

In Admiralty. Suit by the Eastfield Steamship Company against J. T. McKeon. On exceptions to report of special commissioner. Overruled.

For prior opinion, see 186 Fed. 357.

Convers & Kirlin, of New York City, and Bestor & Young, of Mobile, Ala., for libelant.

Hanaw & Pillans, of Mobile, Ala., for respondent.

TOULMIN, District Judge. A decree for libelant for damages resulting from breach of charter party was entered on June 7, 1913, and an order of reference on that date made to Richard Jones, as special commissioner, to ascertain and report the full amount of such damages. The charter party covered a period of 24 months, from a certain date in 1901 to 1903, and the suit was begun in 1904. The long delay in bringing the suit to a termination was caused first by one party and the other in about equal proportions. The special commissioner disallowed interest on the amount of damages found due, and the libelant excepts to the report in that respect only.

[1] 1. Interest is not allowable on a demand which is unliquidated. Stephens v. Phœnix Bridge Co., 139 Fed. 248–250, 71 C. C. A. 374. Moreover, allowance of interest is a matter of discretion. Penn. Steel Co. v. N. Y. City Ry. Co., 198 Fed. 778–780, 117 C. C. A. 560. In cases of pure damages, interest is in the discretion of the court. Bethell v. Mellor & Rittenhouse Co. (D. C.) 135 Fed. 445; The Scotland, 118 U. S. 507, 6 Sup. Ct. 1174, 30 L. Ed. 153. "The allowance of interest on damages is not an absolute right. Whether it ought or ought not to be allowed depends upon the circumstances of each case, and rests very much in the discretion of the tribunal which has to pass upon the subject, whether it be a court or a jury." See authorities supra.

[2] 2. "Where interest is given for breach of contract, the general rule is that the rate recoverable is according to the law of the place of performance, irrespective of the law of the place where the contract was entered into, or the jurisdiction in which the suit is brought." Sloss-Sheffield Steel & Iron Co. v. Tacony Iron Co. (C. C.) 183 Fed. 645, case affirmed in 188 Fed. 896, 110 C. C. A. 530; 16 Am. & Eng. Encyc. of Law (2d Ed.) 1090. If interest is given in this case, the rate recoverable is according to the law of the place where the charter hire was to be paid; that is, where the contract for its payment was to be performed—London, England. Pana v. Bowler, 107 U. S. 529, 2 Sup. Ct. 704, 27 L. Ed. 424; Scotland v. Hill, 132 U. S. 107, 10 Sup. Ct. 26, 33 L. Ed. 261. There can be no question that the demand sued on in this case was, at the time suit was brought, an unliquidated demand—a demand not ascertained in amount, not determined, remaining unassessed or unsettled, as liquidated damages. The court does not judicially know the rate of interest in England. It must be proved, like any other matter of fact. Thompson v. Monrow, 2 Cal. 99, 56 Am. Dec. 318; Liverpool Steam Co. v. Ins. Co., 129 U. S. 397, 9 Sup. Ct. 469, 32 L. Ed. 788. There was no evidence introduced or offered as to the rate of interest of Great Britain.

The court finds no error in the ruling and finding of the special commissioner. The exceptions to the report are overruled, and the report confirmed.