PENNSYLVANIA STEEL CO. et al. v. NEW YORK CITY RY. CO. et al.
(and three other cases).

In re METROPOLITAN ST. RY. CO.

(Circuit Court of Appeals, Second Circuit. February 9, 1916.)

No. 141.

RECEIVERS ⬩75—CLAIMS—SET-OFF AND COUNTERCLAIM.
    Where, at the time the C. Co. became insolvent, it did not own notes of the M. Co., which long afterwards were delivered to its receiver, in settlement of a suit against a third party, the receiver could not use them as a set-off against a claim of the M. Co., also in the hands of a receiver, but could only prove them against the estate of the M. Co.

    [Ed. Note.—For other cases, see Receivers, Cent. Dig. § 136; Dec. Dig. ⬩75.]

Appeals from the District Court of the United States for the Southern District of New York.

Receivership suits by the Pennsylvania Steel Company and others against the New York City Railway Company and others, with three

other cases. From a decree (217 Fed. 423) modifying and confirming a master's report in the matter of the claim of the Metropolitan Street Railway Company (No. 512) against the New York City Railway Company, the receiver of the New York City Railway Company and others appeal. Modified and affirmed.

B. S. Catchings, of New York City, for tort creditors committee.

A. H. Masten, of New York City, for Robinson, as receiver.

M. C. Fleming, of New York City, for Ladd, as receiver.

R. R. Rogers, of New York City, for New York Rys. Co.

Brainard Tolles, of New York City, for Guaranty Trust Co.

James Byrne, of New York City, for Pennsylvania Steel Co.

Before COXE, WARD, and ROGERS, Circuit Judges.

PER CURIAM. We shall do no more than indicate the single particular in which we differ from the court below.

The receivers of the City Company brought a suit in equity and also an action at law upon two entirely different causes of action against defendants, who were largely the same in each case. They obtained judgment in the action at law, and thereafter, July 8, 1910, the parties settled both claims by the payment of $5,500,000 cash and the delivery of four collateral notes of the Metropolitan Company for $1,000,000 each. This property was apportioned between the suit in equity and the judgment at law in accordance with the holding of this court in the Apportionment Case, 198 Fed. 778, 117 C. C. A. 560. The action at law grew out of advances made by the City Company to the Metropolitan Company of some $8,000,000. This court did recognize an equitable interest in the notes in the City Company so far as they might be necessary to reimburse it for these advances. It was not found necessary because the advances had been repaid in full and it is conceded that the Metropolitan Company is entitled to a balance of the cash and to the notes which were apportioned to the action at law. There remain in the hands of the receiver of the City Company the notes which were apportioned to the equity suit aggregating the sum of about $2,000,000. The question is whether he can set these off against claims of the Metropolitan Company against the City Company or whether he can only prove them against the Metropolitan Company's estate.

We think it quite clear that at the time of its admitted insolvency September 24, 1907, the City Company did not own the notes or any of them. When its receiver subsequently obtained judgment in the action at law he did not thereby get title to the notes or any of them, his only claim against the defendants being the judgment recovered. He first got title when the settlement was made of both the cases long after the insolvency and therefore he could not, on familiar principles use them as a set-off against any claim of the Metropolitan estate, his only right being to prove them as a claim.

Thus we construe the answer of Judge Lacombe to the third question addressed to the special master in the Apportionment Case:

" 'Question 3. Is the receiver of New York City Railway Company entitled to use, and, if so, to what extent, four certain 5 per cent. improvement notes

of Metropolitan Street Railway Company, of the face value of one million dollars ($1,000,000) each, and now in his possession, as a set-off or counterclaim in respect to the claim of the Metropolitan Street Railway Company, or its receivers, to such part of said proceeds?

" 'Answer. If the receiver of the City Company shall ultimately secure and retain from the distributive share of the action at law the various items enumerated as deductions in the answer to question 2, he shall not be entitled to use the proportion assigned to the suit in equity of the four 5 per cent. collateral improvement notes of the Metropolitan Company, described in the aforesaid findings of fact, as a set-off or counterclaim to the claim of the Metropolitan Company, or its receivers for the distributive share apportioned to the action at law. If, however, the receiver of the City Company shall not ultimately secure and retain such deductions, the said distributive share of said notes apportioned to the suit in equity may be by him used as such set-off or counterclaim. Said notes were not surrendered to the receiver of the City Company for cancellation only.'

"This answer is approved; the deductions mentioned being those contained in subdivisions (1) and (2) of that question."

We said as to this answer:

"It follows that so much of the money and notes received by the receivers of the City Company in settlement as is apportionable to the judgment in the action at law (after deducting the expenses of realizing the same) must be applied for the benefit of the Metropolitan Company. The court below, however, rightly held that the receivers of the City Company were first entitled to deduct whatever they or the City Company had paid out on account of this fund of $8,000,000 for permanent betterments of the Metropolitan Company's property, and for any balance not paid out of the cash they were entitled to hold their share of the notes, so far as needed to reimburse them, the notes and any balance of cash not needed for that purpose to be turned over to the receivers of the Metropolitan Company. On the other hand, the share of the notes apportioned to the equity suit may be proved by the receivers of the City Company against the estate of the Metropolitan Company."

As there is no dispute about the amount, the decree may allow it as a general claim against the estate of the Metropolitan Company, without the formality of submitting it first to the special master.

The decree, so modified, is affirmed.