### STEPHENS et al. v. PHŒNIX BRIDGE CO.

(Circuit Court of Appeals, Second Circuit. June 10, 1905.)

#### No. 226.

1. BUILDING CONTRACT—RIGHT TO SUE ON QUANTUM MERUIT.

An action on a quantum meruit may be maintained to recover for labor and materials furnished under a contract, subject to the right of defendant to set up the contract to limit the amount of recovery.

[Ed. Note.—For cases in point, see vol. 50, Cent. Dig. Work and Labor, §§ 23–33, 36.]

2. SAME—DAMAGES FOR BREACH—STIPULATION FOR PENALTY.

In a contract for the building of a structure to be completed by a certain date, a provision that the contractor should be "subject to a penalty" of $100 per day for any delay beyond such time is not to be construed as fixing the measure of recovery for such a breach, where there is no reason why the actual damages cannot be ascertained.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Damages, § 179.]

3. INTEREST—UNLIQUIDATED DEMAND.

Interest is not recoverable on a demand which is unliquidated, and which is subject to a counterclaim, also unliquidated.

[Ed. Note.—For cases in point, see vol. 29, Cent. Dig. Interest, §§ 35–40.]

In Error to the Circuit Court of the United States for the Southern District of New York.

L. Laflin Kellogg, for plaintiff in error.
Henry G. Ward, for defendant in error.

Before WALLACE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. This is a writ of error by the defendants in the court below to review a judgment for the plaintiff entered upon

the verdict of a jury.. The action was brought to recover the reasonable value of the materials and labor furnished by the plaintiff for a viaduct which the defendants were erecting for the city of New York upon a written contract between them and the city. It appeared upon the trial that the materials and work were furnished under a contract between the parties by which the plaintiff undertook to complete the metal work of the structure at a specified date, and "to be subject to a penalty of one hundred dollars per day for any time beyond that day," and by which the defendants undertook to pay as the work progressed, upon monthly estimates, reserving 15 per cent. of the contract price, which was to be paid within 60 days after completion, part in cash and part in four months' notes of the defendants. Performance was not completed by the plaintiff within the time specified by the contract, but full performance otherwise was subsequently made, and the defendants accepted the work and paid all sums due by the terms of the contract, except the reserved payment, which amounted to $13,960, less $4,000 owing to the defendants for the use of their plant and other assistance. It was not disputed upon the trial that the reasonable value of the labor and materials was the contract price, but the defendants contended that, the contract not having been performed by the plaintiff within the specified time, the plaintiff was not entitled to recover, and that in any event the defendants were entitled to a deduction of $100 per day for the delay. The trial judge ruled against these contentions, and allowed the defendants to prove the amount of their actual damages caused by the delay.

The only assignments of error that require notice are those which challenge the rulings of the trial judge that the plaintiff was entitled to maintain the action notwithstanding it had not fulfilled the terms of its special contract with the defendants; that the defendants were entitled by way of counterclaim only to the actual damages sustained by them by the delay in the completion of the contract, and not to the $100 per day mentioned in the contract; and that the plaintiff was entitled to interest upon any amount which the jury might find to have been owing by the defendants to the plaintiff from the time when the demand became payable. These assignments of error may be briefly disposed of.

1. It is entirely well settled that an action in quantum meruit can be maintained upon the facts which appeared upon the trial, and the proposition is so elementary that it seems quite surprising that it should be controverted. The plaintiff was not required to produce the contract in evidence, and did not do so, but relied upon the ordinary proof of the reasonable value of the materials and labor furnished. When the contract was produced by the defendants, its only effect was to reduce the amount of the plaintiff's recovery by limiting it to the contract sum, less the amount of the defendant's counterclaim for damages for delay; and, if the sum referred to in the contract as a "penalty of one hundred dollars per day" for delay in fulfilling entitled the defendants to damages at that rate, the amount of their counterclaim was fixed accordingly.

2. There was nothing apparent on the face of the contract, and

nothing which we can discover in the extrinsic facts bearing upon the subject-matter of the contract or the situation of the defendants in respect to the consequences of delay, to show that the damages likely to be sustained by the defendants by delay in fulfilling the contract were extraordinary, or in their nature uncertain or incapable of being definitely ascertained. The case was therefore one where the general rule applies that the use of the word "penalty" in such a contract is not to be regarded as intended to fix the measure of recovery for a breach, but the party claiming damages must prove his actual damages.

3. Notwithstanding the greater liberality of the more recent adjudications in allowing interest by way of damages for withholding the payment of money justly owing against the delinquent party, none to which we have been cited go the length of allowing it in a case like the present. The sum owing from the defendants to the plaintiff was uncertain, and unascertainable by computation, at the time of the commencement of the action; it depended not only upon what should be found to be the reasonable value of the material and services furnished by the plaintiff, but also upon the amount which it should be found ought to be deducted from the plaintiff's claim, and this amount was likewise uncertain, and unascertainable by computation. That interest is not allowable from the commencement of the action upon such a state of facts is very satisfactorily shown by the opinion in White v. Miller, 78 N. Y. 393, 34 Am Rep. 544. That it is not allowable at all was determined in Delafield v. Village of Westfield, 169 N. Y. 582, 62 N. E. 1095, which is a case exactly in point, and which was cited and unquestioned in the later case of Sweeny v. City of New York, 173 N. Y. 414, 66 N. E. 101, where the general question of allowance of interest upon unliquidated demands was carefully considered by the court. See, also, Carricarti v. Blanco, 121 N. Y. 230, 24 N. E. 284. In the absence of controlling decisions in the federal courts, we are disposed to adopt as guides, in determining when interest should or should not be allowed, the rules deducible from the decisions in New York, where the question in all its phases has been so frequently and so fully discussed. We are satisfied that interest should not have been allowed in the present case, and, the amount allowed being $1,295.-37, the recovery was to that extent excessive.

The judgment is reversed, unless the plaintiff stipulates to reduce it by deducting the amount of the interest; and, upon filing a stipulation to that effect in the court below, that court is instructed to modify the judgment accordingly.