## MATT J. WARD CO. v. GOELET.

(Circuit Court of Appeals, Second Circuit. February 15, 1916.)

### No. 148.

1. FRAUDS, STATUTE OF ☞49—AGREEMENTS NOT TO BE PERFORMED WITHIN ONE YEAR.

The lessee of a hotel owned by defendant, whose lease would expire in 1910, employed plaintiff to sell her leasehold interest, and he procured prospective purchasers, willing to purchase if they could obtain a renewal of the lease. In 1907 defendant agreed to grant such renewal, and executed a lease for six years from the expiration of the existing lease, on condition that it might be declared void if the purchasers of the leasehold interest did not fulfill every obligation of the existing lease down to the date of its expiration. Plaintiff claimed that defendant agreed to pay a commission for procuring tenants for this additional term of six years, but it was understood between the parties that defendant would not accept the purchasers as tenants unless they complied with the existing lease until the date of its expiration. *Held*, that the contract between plaintiff and defendant was not to be performed within one year, and was void under the statute of frauds, since, while the rent for the full term of the existing lease might have been paid within the year, it could

not be known until the expiration of the lease whether the purchasers would perform their obligations as to paying taxes, and gas, water, and other assessments, and as to keeping the premises in good order and repair.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 74; Dec. Dig. ☞49.]

2. FRAUDS, STATUTE OF ☞138(4)—EFFECT—RECOVERY ON QUANTUM MERUIT.
   Though plaintiff could not recover commissions on the express contract, he might recover upon a quantum meruit for services rendered to and accepted by defendant.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 330, 331; Dec. Dig. ☞138(4).]

3. DISMISSAL AND NONSUIT ☞58(5)—FAILURE TO PROVE CAUSE OF ACTION ALLEGED.
   Though the evidence was sufficient prima facie to make out a cause of action on a quantum meruit, the complaint in an action for commissions was properly dismissed, where the cause of action on a quantum meruit was not pleaded, and plaintiff did not ask leave to amend his complaint, so as to set it up, nor call the court's attention to any such claim.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 130; Dec. Dig. ☞58(5); Pleading, Cent. Dig. § 1078.]

4. JUDGMENT ☞570(4)—CONCLUSIVENESS—DISMISSAL OF COMPLAINT.
   The dismissal of the complaint in an action on the express contract would not bar the prosecution of an action on a quantum meruit for the services rendered by plaintiff.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1031; Dec. Dig. ☞570(4).]

5. LIMITATION OF ACTIONS ☞46(2)—ACCRUAL OF CAUSE OF ACTION.
   Plaintiff's cause of action on a quantum meruit for services rendered to and accepted by defendant did not arise, and limitations did not run, until the expiration of the existing lease.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 241; Dec. Dig. ☞46(2).]

In Error to the District Court of the United States for the Southern District of New York.

Action by the Matt J. Ward Company against Robert Walton Goelet. Judgment for defendant, and plaintiff brings error. Affirmed.

This cause comes here upon writ of error to review a judgment of the District Court, Southern District of New York, in favor of defendant in error, who was defendant below. Plaintiff's action, begun September 25, 1913, was to recover $5,500 in commissions as a real estate broker for leasing defendant's property, the Hotel Walton, in Philadelphia, to certain lessees, Lukes and Zahn. The complaint alleged the making of an express contract in June, 1907, by which the defendant employed plaintiff as broker to procure tenants for the property and agreed to pay him 1 per cent. on the gross rental for the full term. The answer denied the making of this contract, and set up the statute of limitations as a separate defense. At the close of plaintiff's testimony, defendant moved to amend the answer by setting up the statute of frauds. The motion was granted and defendant moved to dismiss upon both special grounds—the statute of limitations and the statute of frauds. The court held that there could be no recovery in the face of the statute of frauds; the complaint was dismissed. The word "plaintiff," as used in this opinion, covers also Mr. Matt J. Ward himself, who personally conducted the negotiations testified to.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

A. I. Sire, of New York City (William L. Stone, of New York City, of counsel), for plaintiff in error.

Cary & Carroll, of New York City (P. A. Carroll, of Boston, Mass., of counsel), for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge (after stating the facts as above). [1] The situation disclosed by the testimony was as follows: In 1907 the hotel was occupied by Mrs. Stafford under a lease expiring August 31, 1910. Plaintiff was employed by her to effect a sale of her interests under this lease and had procured two prospective purchasers, Lukes and Zahn, who were willing to consider the purchase of her unexpired term, provided they could obtain either a renewal of her lease or a new lease to themselves for some years after the expiration of the Stafford lease.

Plaintiff presented this proposition to defendant, who indicated that he would be willing to consent to the transfer of Mrs. Stafford's lease, is she wished to sell out, and to give new lease at a larger rental if the references of the proposed lessees turned out to be satisfactory. After further negotiations there were signed by defendant and Lukes and Zahn on November 18, 1907, an agreement and a lease. Usually, when there is an agreement to execute a lease and subsequently the lease is executed, the agreement is merged in the lease. But in this case both the instruments were signed at the same time, both sides contend that they should be read together and there seems to be no good reason why both should not be considered in ascertaining what was the whole contract, in the negotiating of which plaintiff's services were rendered.

The arrangement was as follows: Goelet leases the property to Lukes and Zahn for six years from September 1, 1910, upon two conditions: First. That Lukes and Zahn become assignees of Mrs. Stafford and enter the premises under her lease. This they did promptly, and for his services in procuring these parties to take over Mrs. Stafford's lease she has paid plaintiff. Second. That this new lease (of November 18, 1907) might be declared void by Goelet if Lukes and Zahn did not fulfill every obligation of Mrs. Stafford's lease down to the date of its expiration on August 31, 1910. If they failed to do so, and Goelet exercised his right to cancel, they would never become tenants, and the result of plaintiff's exertion would be entire failure to procure for Goelet actual tenants for six years from September 1, 1910. What would happen—whether the lease would be canceled or not—no one could possibly tell until 1910.

It is suggested that it was *possible* to eliminate defendant's right to cancel by Lukes and Zahn paying forthwith all the rent reserved under the stafford lease, and it is argued that therefore the agreement is one which might possibly be performed within a year. But this argument is not persuasive because payment of the rent was not the only thing which the lease required from the lessee. It would not be possible to pay in advance the taxes and gas, water and other assessments for the next two years and a half, because no one could tell what they

would be. Moreover one of the obligations of the Stafford lease was to keep the premises in good order and repair; whether that obligation would be performed or not could not be determined until the expiration of the lease. What would happen no one could possibly tell until 1910; whether tenants from that time on had been secured would not be known until then. This condition of affairs was perfectly well understood between the parties who made the contract here sued upon. The plaintiff himself expressly testified that Goelet said he would accept Lukes and Zahn as tenants only if they could "qualify" at the expiration of Mrs. Stafford's lease, which was some three years off. The service which plaintiff undertook to perform was to be the presentation of "qualified" tenants, not there and then, or even promptly, but three years later and defendant stated, as plaintiff testified, "they cannot qualify with me until the expiration of her (Mrs. Stafford's) lease." We concur with Judge Hunt in the conclusion that the express contract alleged and testified to was not one to be performed within a year and that the statute of frauds was a defense to it.

[2-5] Although plaintiff cannot recover commissions under the special contract sued upon, he might recover upon a quantum meruit for services rendered to and accepted by defendant. The evidence would seem sufficient, prima facie, to make out such a cause of action, but it was not pleaded, nor did plaintiff ask leave to amend his complaint so as to set it up, nor did he call the court's attention to any such claim. The court therefore properly dismissed the complaint. Such dismissal will not bar the prosecution of an action on a quantum meruit; nor would the statute of limitations interfere with the prosecution of such a claim, because the cause of action did not arise until Lukes and Zahn qualified at the expiration of Mrs. Stafford's lease, August 31, 1910.

The judgment is affirmed.