GOELET v. MATT J. WARD CO.

(Circuit Court of Appeals, Second Circuit. April 10, 1917.)

No. 218.

1. LIMITATION OF ACTIONS ⬳46(2)—ACCRUAL OF CAUSE OF ACTION.

Where plaintiff found tenants to take defendant's property at the expiration of an existing lease, but it was specifically provided that such tenancy should not arise until and unless the existing lease terminated with all its terms fully complied with, plaintiff's right of action on a quantum meruit for its services did not accrue, and limitations did not begin to run, until the termination of the existing lease, as it had no cause of action presently enforceable until that time.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 241.]

2. TRIAL ⬳315—VERDICT—"COMPROMISE VERDICT."

In an action on a quantum meruit for services as broker, a "compromise verdict" means one the result, not of justifiable concession of views, but of improper compromise of the vital principles which should have controlled the decision.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 740-742.

For other definitions, see Words and Phrases, Second Series, Compromise.]

3. APPEAL AND ERROR ⬳264—REVIEW—NECESSITY OF EXCEPTIONS.

A claim that the verdict was a compromise verdict need not be considered, where it rests upon no exception taken at the trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1533-1535.]

4. APPEAL AND ERROR ⬳263(1)—REVIEW—NECESSITY OF EXCEPTIONS.

A ruling directing the jury to allow interest upon whatever verdict they should render could not be reviewed, where no exception was taken.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1516.]

---

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. INTEREST ⬉19(1)—RIGHT TO INTEREST—UNLIQUIDATED DAMAGES.
 In an action on a quantum meruit for services as broker, interest
should not have been allowed; the damages being unliquidated.
 [Ed. Note.—For other cases, see Interest, Cent. Dig. §§ 35, 36, 38, 40.]

In Error to the District Court of the United States for the Southern District of New York.

Action by the Matt J. Ward Company against Robert Walton Goelet. Judgment on a verdict for plaintiff, and defendant brings error. Affirmed.

Cary & Carroll, of New York City (Philip A. Carroll and Walter K. Earle, both of New York City, of counsel), for plaintiff in error.

Albert I. Sire, of New York City, for defendant in error.

Before COXE, WARD, and HOUGH, Circuit Judges.

HOUGH, Circuit Judge. This case is between the same parties and was brought as the result of our decision in Matt J. Ward Co. v. Goelet, 230 Fed. 979, 145 C. C. A. 173. The facts shown by the bill of exceptions are the same as were before us on the previous writ; but the cause of action is different.

This suit is to "recover upon a quantum meruit for services rendered to and accepted by" defendant below. 230 Fed. at page 982. The complaint alleges that the Ward Company introduced as customers or tenants for his premises certain persons to Mr. Goelet, who thereupon entered into negotiations with them and "owing to [Ward Company's] efforts accepted said customers as his tenants." It is then alleged that the "services so performed" by plaintiff below were "fully accepted by said defendant and were fairly and reasonably worth * * * $5,550."

It cannot be denied that there was evidence sufficient to take the case to the jury tending to prove that the introduction alleged did take place; that Mr. Goelet did accept the services of plaintiff, executed a lease to the persons introduced by plaintiff, and was informed by plaintiff that a commission was expected to be paid. There was also evidence as to the customary rate for commissions on similar real estate transactions in the city of New York. This piece of business related to real property in Philadelphia.

Plaintiff below had a verdict for $3,000, upon which interest was granted in pursuance of a direction by the court to the effect that whatever verdict they should render would bear "interest from the date of September 1, 1910, when it was said this obligation accrued."

The errors alleged and relied upon in argument are: (1) That the action is barred by the statute of limitations; (2) that the result reached by the jury was a compromise verdict and therefore illegal; and (3) that it was error to grant interest upon the verdict.

[1] 1. Reference to our former opinion (in 230 Fed. 979, 145 C. C. A. 173) will show fully the facts on which the defense of the statute rests. Ward Company found tenants who would take Mr. Goelet's property at the expiration of an existing lease; but it was specifically provided that such tenancy should never arise until and unless the ex-

isting lease terminated, with all its terms fully complied with. In other words, there was to be no acceptance of the fruit of Ward Company's services as broker until the performance of several conditions precedent, which performance could not possibly occur before September 1, 1910.

It follows from this that plaintiff below had no cause of action presently enforceable until September 1, 1910, and we so held on the previous writ. This action was brought within six years from that date, viz. the earliest date when "the plaintiff first became entitled to maintain [this] particular action." The statute began to run when plaintiff became entitled to sue. Cary v. Koerner, 200 N. Y. at page 259, 93 N. E. 979. The act (sections 380 and 382, Code Civ. Proc.) is not a bar because the "cause of action accrued" within six years of summons served.

[2, 3] 2. Since plaintiff below sued, not upon an agreement to pay a specified sum of money, but for whatever the jury thought the services were worth up to $5,550, the expression "compromise verdict" must be taken as meaning "that it was the result, not of justifiable concession of views, but of improper compromise of the vital principles which should have controlled the decision." Simmons v. Fish, 210 Mass. at page 572, 97 N. E. 106, Ann. Cas. 1912D, 588. While we perceive no reason for imputing such impropriety to the jurors, we need consider the matter no further, because it rests upon no exception taken at the trial. There was a "failure to apprise the trial judge of the point now raised." Springer, etc., Co. v. Falk, 59 Fed. at page 712, 8 C. C. A. 224.

[4, 5] 3. It is also true that no exception was taken to the ruling of the court which in effect ordered interest on the verdict. Therefore we cannot review it, although, since the damages were plainly unliquidated, the instruction was error. Stephens v. Phœnix Bridge Co., 139 Fed. 248, 71 C. C. A. 374, and cases cited; also Excelsior, etc., Co. v. Harde, 181 N. Y. 11, 73 N. E. 494, 106 Am. St. Rep. 493.

The judgment is affirmed, with costs.