MISSOURI FIDELITY & CASUALTY CO. et al. v. ART METAL CONST. CO.

(Circuit Court of Appeals, Eighth Circuit. May 29, 1917.)

No. 4700.

CORPORATIONS ⬤�067(8)—FOREIGN CORPORATIONS—ACTIONS—ILLEGAL CONTRACT.

A construction company, which contracted to supply and install furniture for a courthouse in Missouri, purchased the furniture from plaintiff, a foreign corporation, and, when the work was completed, plaintiff agreed

to an extension of time for payment, accepting a note secured by a bond executed by defendant, which was surety on the bond of the construction company. The construction company was dominated by defendant, which received the contract price. A second extension was allowed; a new bond and note being given. *Held*, that recovery on the bond and note could not be defeated on the ground that plaintiff, having, at the time of the original contract, been doing business in the state of Missouri without having complied with the Missouri statutes relative to foreign corporations doing business therein, could have maintained no action on the original contract, for plaintiff could make out a cause of action without reference to the original contract, and defendant, having received the benefit of plaintiff's goods, could not set up the invalidity of the original contract.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2537–2540.]

In Error to the District Court of the United States for the Western District of Missouri; Wilbur F. Booth, Judge.

Action by the Art Metal Construction Company against the Missouri Fidelity & Casualty Company and the Southern Surety Company. There was a judgment for plaintiff, and defendants bring error. Affirmed.

John P. McCammon, of St. Louis, Mo., for plaintiffs in error.

Matthew H. Galt and Frank B. Williams, both of Springfield, Mo., for defendant in error.

Before SANBORN and SMITH, Circuit Judges, and AMIDON, District Judge.

AMIDON, District Judge. The Frank W. Hunt Construction Company contracted with Greene county, Mo., to supply and install the furniture for its new courthouse. The Missouri Fidelity & Casualty Company, one of the defendants below, became the surety upon a bond for the faithful performance of this contract. The plaintiff below, the Art Metal Construction Company, a corporation organized under the laws of Massachusetts, and having its principal place of business at Jamestown, N. Y., sold the Hunt Construction Company the furniture necessary to fulfill its contract. When the job was completed, the purchase price was still unpaid, and the Construction Company asked for an extension of time, offering to give its promissory note, secured by a bond executed by the Missouri Fidelity & Casualty Company. The accommodation was granted. The note was payable at Jamestown, N. Y. At the maturity of this note a further extension was allowed upon the request of both the Construction Company and the Fidelity Company, and a new note and bond taken. This second note was not paid at its maturity, and suit was brought upon it by the plaintiff in the state courts against the maker, and judgment obtained. The defendant Casualty Company had requested that the note be put in judgment as a condition of its being required to pay on its bond, and was notified of the suit.

The Hunt Construction Company was at all times dominated and controlled by the Casualty Company. After the job was completed, it gave that company an order on the county for the amount due for the furniture and the contractor's additional profits, and the Casualty Company received payment in full upon that order.

The present suit is brought upon the bond given by the Casualty

Company to secure the second renewal note. The answer pleads the statute of Missouri, which forbids under a penalty of $1,000 a foreign corporation to do business in the state until it has filed with the secretary of state its articles of incorporation, and paid certain fees. The answer charges that the plaintiff had for some time prior to entering. into the contract with the Hunt Construction Company been engaged in business in the state, maintaining a warehouse for that purpose, and that the sale of the furniture for the courthouse was a part of that business. It urges that under the statute, as interpreted by the highest court of the state, the contract for the furniture was unlawful, and is so connected with the cause of action here sued upon as to defeat the right of recovery. A motion was made by plaintiff to strike out this part of the answer, for the reason that the facts therein alleged are not sufficient in law to constitute a defense. The motion was granted, and that ruling is the only error presented to this court.

This court has had occasion so frequently to state the law in regard to illegal contracts, and to point out the features which separate a new and independent contract from an original illegal transaction, that no good purpose would be served by reviewing the subject in the present case. Kansas City Hydraulic Press Brick Co. v. National Surety Co., 167 Fed. 496, 93 C. C. A. 132; Mechanics' Ins. Co. v. C. A. Hoover Distilling Co., 182 Fed. 590, 105 C. C. A. 128, 31 L. R. A. (N. S.) 873; Hanover National Bank v. First National Bank, 109 Fed. 421, 48 C. C. A. 482; Stewart v. Wright, 147 Fed. 321, 77 C. C. A. 499; Dunlap v. Mercer, 156 Fed. 545, 86 C. C. A. 435; Jefferson v. Burhans, 85 Fed. 949, 29 C. C. A. 481. We think this case falls within the rule first stated in Armstrong v. Toler, 11 Wheat. 258, 6 L. Ed. 468, and subsequently applied in many cases in the Supreme Court and in this court, namely, that when a contract is only remotely connected with an unlawful transaction, and rests upon a new and independent consideration, and the plaintiff can make out his case without any reliance upon the unlawful transaction, the new contract is valid and should be enforced. It will be observed from the statement of facts that the defendant here occupies the meanly dishonest position of having received the full purchase price of plaintiff's goods, and then refusing to pay for them, although it has given repeated contracts upon new and independent considerations binding it to make the payment. As observed by Mr. Justice Holmes, when a member of the Supreme Court of Massachusetts, in Graves v. Johnson, 179 Mass. 53, 60 N. E. 383, 88 Am. St. Rep. 355, in fixing the degree of proximity to the illegal transaction necessary to taint a new contract, the moral turpitude involved in the original transaction will be given some weight by the court. As the only moral turpitude here is that which is implied from failure to comply with a penal statute, there is no justification for an extension of the effect of the illegality to collateral undertakings resting upon a new consideration.

The judgment below was eminently just and is affirmed.