In re H. L. HERBERT & CO.

Appeal of NATIONAL SURETY CO.

(Circuit Court of Appeals, Second Circuit. December 10, 1919.)

No. 54.

1. INDEMNITY ⟨⟩1—CONSTRUCTION OF CONTRACT TO ASSUME AND PAY DEBTS OF ANOTHER; "CONTRACT TO PAY."

Agreement by a corporation, which acquired the business of an individual, to assume and pay all obligations of the seller "contracted in said business, now due or to become due," held a contract to pay the debts, and not one to indemnify the seller.

2. LIMITATION OF ACTIONS ⟨⟩46(12), 105(2)—ACCRUAL OF RIGHT OF ACTION ON PROMISE TO PAY DEBT OF ANOTHER; EFFECT OF LITIGATION BY ORIGINAL DEBTOR CONTESTING THE DEBT.

Where a corporation contracted to assume and pay the debts of another, and such other owed a debt then due, either he or his creditor had an immediate right of action, against which limitation ran from that time, notwithstanding the fact that he was then contesting the claim in the courts.

3. INDEMNITY ⟨⟩1—DEBTOR MAY SUE ON CONTRACT ASSUMING HIS DEBTS.

A debtor, whose debts another has assumed and agreed to pay, may sue on the contract for the amount of a debt due, although he has not paid it.

4. LIMITATION OF ACTIONS ⟨⟩43—ACCRUAL OF RIGHT OF ACTION, RATHER THAN DAMAGES, STARTS RUNNING OF STATUTE.

The amount or kind of damages recoverable on breach is immaterial; it is the existence of a right of action that starts the statute of limitations.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of H. L. Herbert & Co., a corporation, bankrupt. From an order expunging its claim, the National Surety Company appeals. Affirmed.

Appeal from an order expunging the claim, as creditor, of National Surety Company, entered in the District Court for the Southern District of New York. The facts, as stated in the proof of claim of the appellant, are that on and prior to April 30, 1902, one Henry L. Herbert, being engaged in the business of buying and selling coal, "entered into a contract with" one Thedford, which contract said Herbert failed to fulfill, "to the damage of Thedford in the sum of $10,542.38, which sum was due and payable to said Thedford on February 1, 1903." Herbert failed or refused to pay. Thedford brought suit in the courts of New York, and after numerous trials and appeals Thedford received a judgment, which was finally affirmed in the New York Court of Appeals in 1914. 210 N. Y. 606, 104 N. E. 1142.

The surety company had at Herbert's individual request and against collateral deposited with it by him, executed the undertaking on appeal in this suit, and when Thedford finally prevailed, and on March 13, 1914, it paid Thedford his judgment. It then realized upon the securities deposited with it by Herbert, but therefrom failed to obtain repayment in full, so that the surety company remained a creditor of Herbert to the extent of some $9,000.

While the action of Thedford v. Herbert was proceeding, and on or about May 31, 1907, this bankrupt corporation (H. L. Herbert & Co.) was formed. On the date last mentioned the directors of this new company passed a resolution reciting that, the corporation "having organized with the purpose of acquiring" Herbert's individual business, it was therefore resolved that said corporation "assume and pay all obligations of Henry L. Herbert contracted in said business, now due or to become due." That Herbert's individual liability to Thedford was contracted or incurred "in said business" is admitted.

There is no evidence that the bankrupt ever managed, conducted, or took any part in the litigation between Thedford and Herbert. On September 27, 1916, the petition in bankruptcy herein was filed, whereupon the surety company filed its proof of claim for the said balance of about $9,000. Motion by the trustee to expunge the same was granted, on the ground that it was barred by the statute of limitations. This appeal was then taken.

William R. Page, of New York City, for appellant.

Frank M. Patterson, of New York City, for trustee in bankruptcy.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). [1] There can be no difference between the assumption of a mortgage, when the party assuming receives grant of the mortgaged lands, and the assumption of business debts, when such a party receives or takes over the business. The law of New York on this subject is summarized in Willard v. Wood, 135 U. S. 309, 10 Sup. Ct. 831, 34 L. Ed. 210. See, also, Schley v. Fryer, 100 N. Y. 71, 2 N. E. 280, and Goodyear, etc., Co. v. Dancel, 119 Fed. 692, 56 C. C. A. 300.

This bankrupt, therefore, became personally liable to Thedford in 1907, and the relation of the Herbert Company and Herbert the man to Thedford became that of principal and surety (Union Co. v. Hanford, 143 U. S. 187, 12 Sup. Ct. 437, 36 L. Ed. 118) as soon as Thedford knew of the agreement. As he never called on the corporation to pay, so far as this record shows never learned of the assumption, and

has received payment in full, no effort can be made by appellant to claim through Thedford. It follows that, to recover at all, appellant must stand in Herbert's shoes, for there was never any contract directly between surety company and bankrupt.

Therefore the crucial inquiry is to classify or define the nature of the contract between Herbert and the Herbert Company, embodied in the resolution above recited. It is either an agreement to pay, or an agreement to indemnify; i. e. to save Herbert harmless. See Mills v. Dow, 133 U. S. 423, 10 Sup. Ct. 413, 33 L. Ed. 717, where the contract was both, and the difference is emphasized.

In contracts of indemnity the obligee cannot recover until he has been actually damnified, and then only to the extent of injury at the time suit brought; but, where the agreement is to pay, a recovery may be had as soon as breach of contract exists, and the measure of damages is the full amount agreed to be paid. Wicker v. Hoppock, 6 Wall. 99, 18 L. Ed. 752. In our opinion, the contract at bar was plainly to pay; it says so, and does not by words or inference promise to save Herbert harmless, which is the substance of an indemnity agreement.

[2, 3] But, when one promises to pay, the right of action on that promise is complete and perfect the moment the debt to which the promise relates becomes due and remained unpaid. Hume v. Hendrickson, 79 N. Y. at page 127. Applying that doctrine here, Thedford could have sued the bankrupt on this contract for his benefit as soon as it was made, or Herbert could have sued, assigning for breach that the corporation had not paid Thedford, whose debt was long before "due and payable." That he had not paid Thedford would be no defense, if as matter of fact he owed the money. Rector, etc., v. Higgins, 48 N. Y. 532, as expained in Maloney v. Nelson, 144 N. Y. 182, 39 N. E. 82.

[4] The amount or kind of damages recoverable on breach is immaterial; it is the existence of a right of action that "starts the statute" of limitations. Aachen, etc., Co. v. Morton, 156 Fed. 657, 84 C. C. A. 366, 15 L. R. A. (N. S.) 156, 13 Ann. Cas. 692; Goelet v. Ward Co., 242 Fed. 65, 155 C. C. A. 9. Indeed, an agreement to pay a debt due at date of promise may be said to be broken the moment it is made. It follows that the statute of limitations barred any suit of Herbert's against the bankrupt in six years—i. e., in 1913—and the court below was right in expunging the surety company's claim on that ground.

That Herbert chose to prolong litigation with Thedford confuses the issue, but is immaterial; the only result of suit was to prove that Herbert had owed the money since 1903, which is now admitted.

Order affirmed, with costs.