### DEMOTTE v. WHYBROW.

(Circuit Court of Appeals, Second Circuit. January 14, 1920.)

No. 77.

1. APPEAL AND ERROR ⬯848(2)—REVIEW OF JUDGMENT ON FINDINGS OF REF-
    EREE LIMITED TO QUESTION WHETHER FINDINGS ARE SUPPORTED BY ANY EVI-
    DENCE.
        Where a case at law is by consent referred to a referee, to hear and
    determine the issues, the only questions open on writ of error are whether
    the referee's findings support the judgment entered thereon, and whether
    such findings are supported by any evidence.

2. INTEREST ⬯19(2)—ALLOWABLE ON UNLIQUIDATED DEMANDS DETERMINABLE
    BY COMPUTATION.
        Interest is allowable on an unliquidated demand in cases where it can
    be determined what amount is due, either by mere computation, or by
    computation in connection with established market values, or other
    generally recognized standards.

In Error to the District Court of the United States for the Southern District of New York.

Action by Clarence Whybrow against Phillip G. J. Demotte. Judgment for plaintiff, and defendant brings error. Affirmed.

This action was originally brought in the Supreme Court of the State of New York for New York County. The defendant, who is a citizen of France, removed it to the United States District Court. After the cause was removed, the attorneys for the parties stipulated in writing that, as the action involved the examination of a long account, a referee might be appointed by the court to hear and determine the issues, "with the same force and effect as if the said issues were heard and determined by the court." The court accordingly entered an order referring the case to Luke D. Stapleton, to hear and determine the issues and report. On the coming in of his report the District Judge entered an order confirming it and for judgment.

Wing & Russell, of New York City, for plaintiff in error.
Otto A. Samuels, of New York City, for defendant in error.

Before WARD, ROGERS, and MANTON, Circuit Judges.

ROGERS, Circuit Judge (after stating the facts as above). The plaintiff below has brought an action to recover the sum of $41,965.35 alleged to be due and owing from defendant for work and labor done, and services and materials furnished him, between January 14, 1918, and March 30, 1918, in the alteration of certain premises in the city of New York. The referee found that the amount unpaid and due

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

to the plaintiff was the sum of $41,748.35, and he allowed the plaintiff interest on this sum in the amount of $2,517.93, and the total amount for which judgment has been entered, including costs and interest, is $47,124.17.

[1] As the testimony was heard before a referee, by stipulation, the only question now open is whether the referee's findings support the judgment which has been entered. David Lupton's Son's Co. v. Automobile Co. of America, 225 U. S. 489, 32 Sup. Ct. 711, 56 L. Ed. 1177, Ann. Cas. 1914A, 699. In Am. & Eng. Encyc. of Law, vol. 24, p. 236, it is said:

"The findings of fact of a referee have every reasonable presumption' in their favor. They are to be regarded by the court as having the same force and weight as a verdict of a jury, and should not be disturbed if the evidence is conflicting, and they are supported by some evidence, or are not clearly against the weight of evidence."

In Fifth Nat. Bank of City of New York v. Lyttle, 250 Fed. 361, 162 C. C. A. 431, this court declared that the findings of fact made by a referee, where the reference is to hear and determine, have the effect of a verdict of a jury.

At one time it was considered doubtful whether a case tried in a federal court by a referee in states where such a practice exists could be reviewed in an appellate court; appellate procedure being regulated by the acts of Congress. See Boogher v. Insurance Co., 103 U. S. 90, 97, 26 L. Ed. 310. The facts found by the referee, when confirmed by the court, are treated as the finding of the court. "In that way alone," said Chief Justice Waite in the Boogher Case, "can it with propriety be said that the facts have been determined judicially by the court, so as to be made the foundation of a review here of the questions of law properly raised on them in the record."

The complaint was drawn upon the theory of quantum meruit. The referee has not found that there was an agreement as to the price of the work, and based his finding upon the theory of quantum meruit. He states his findings as follows:

"III. That the reasonable value of the labor, services, materials, goods, wares, and merchandise, so furnished the defendant by the plaintiff, is forty-six thousand eight hundred and sixty-three and $05/100$ ($46,863.05) dollars.

"IV. That no part thereof has been paid, except the sum of five thousand ($5,000) dollars, and the defendant is entitled to a further credit in the sum of one hundred and fourteen and $50/100$ ($114.50) dollars, for bath tubs, basins, mirrors, and scrap metal received by plaintiff from defendant at the agreed price of said sum of one hundred and fourteen and $50/100$ ($114.50) dollars, and that said sum became due and payable on the 30th day of March, 1918."

He states his conclusion of law as follows:

"I find, decide, and report as a conclusion of law that the plaintiff is entitled to recover from the defendant forty-one thousand seven hundred and forty-eight and $55/100$ ($41.748.55) dollars, with interest thereon calculated to the 15th day of March, 1919, amounting to two thousand five hundred and seventeen and $93/100$ ($2,517.93) dollars, in addition thereto, with costs, and I accordingly direct judgment for the plaintiff against the defendant for forty-four thousand two hundred and sixty-six and $48/100$ ($44.266.48) dollars, with interest from March 15, 1919, with costs, which I hereby award the plaintiff against the defendant, to be taxed."

[2] It is objected that, in actions where the amount sued for is unliquidated and incapable of ready ascertainment, plaintiff is not entitled to interest. This court held in Stephens v. Phœnix Bridge Co., 139 Fed. 248, 71 C. C. A. 374, that interest is not recoverable on a demand which is unliquidated, and which is subject to a counterclaim, also unliquidated. In that case we said:

"In the absence of controlling decisions in the federal courts, we are disposed to adopt as guides, in determining when interest should, or should not be allowed, the rules deducible from the decisions in New York, where the question in all its phases has been so frequently and so fully discussed"—citing the cases.

And we adhered to the ruling that there can be no interest where the damages are unliquidated in Goelet v. Matt J. Ward Co., 242 Fed. 65, 155 C. C. A. 9. It does not follow, however, that interest is never allowed on unliquidated demands. Notwithstanding the fact that a demand is unliquidated, interest will be allowed, if the demand is such that the amount thereof can be readily ascertained by mere computation. Swinnerton v. Argonaut Land, etc., Co., 112 Cal. 375, 44 Pac. 719; Keith Co. v. Fisheries Co., 27 Del. (4 Boyce) 218, 87 Atl. 715; Collins v. Coal Co., 140 Iowa, 114, 115 N. W. 497, 118 N. W. 36, 18 L. R. A. (N. S.) 736; Murray v. Doud, 167 Ill. 368, 47 N. E. 717, 59 Am. St. Rep. 297; Finlen v. Heinze, 32 Mont. 354, 80 Pac. 918; Kelsey v. Murphy, 30 Pa. 340; Parks v. Elmore, 59 Wash. 584, 110 Pac. 381; Graham v. Chicago, etc., R. Co., 53 Wis. 473, 10 N. W. 609. In a recent case, Faber v. City of New York, 222 N. Y. 255, 118 N. E. 610, the New York Court of Appeals said:

"The question of the allowance of interest on unliquidated damages has been a difficult one. The rule on this subject has been in evolution. To-day, however, it may be said that if a claim for damages represents a pecuniary loss, which may be ascertained with reasonable certainty as of a fixed day, then interest is allowed from that day. The test is not whether the demand is liquidated. Was the plaintiff entitled to a certain sum? Should the defendant have paid it? Could the latter have determined what was due, either by computations alone or by computation in connection with established market values, or other generally recognized standards? Van Rensslaer v. Jewett, 2 N. Y. 135 [51 Am. Dec. 275]; McMahon v. N. Y. & Erie R. R. Co., 20 N. Y. 463; Gray v. Central R. R. Co. of New Jersey, 157 N. Y. 485 [52 N. E. 555]."

Interest is allowable on an unliquidated demand in cases where it can be determined what amount is due, either by mere computation, or by computation in connection with established market values, or other generally recognized standards; and as the referee has found that the plaintiff is entitled to interest from March 15, 1919, this court is bound to presume that the evidence which the parties presented to him, and which is not in the record, justified him in his finding.

Judgment affirmed.