38          APPELLATE COURTS OF ILLINOIS.

Mass. Bond. & Ins. Co. v. The Phillips Co., 230 Ill. App. 38.

## Massachusetts Bonding and Insurance Company, Appellee, v. The Phillips Company, Appellant.

### Gen. No. 28,218.

1. MUNICIPAL COURTS—*jurisdiction of action on original promise of third person to pay premium on surety bond.* The municipal court of Chicago has jurisdiction of an action on a written promise of a third person to pay the premium on a surety bond executed by plaintiff on behalf of bridge contractors, the promise having been one of the inducements for the writing of the bond, such action being one in assumpsit on an express contract.

2. PLEADING—*when alteration of surety bond discharging third party obligation to pay premium not alleged by affidavit of defense.* An affidavit of defense raises no issue of fact, in an action by a bonding company on the written obligation of a third party to pay the premium for a surety bond issued to bridge contractors, by an allegation that after the issuance of the bond the penal obligation thereof was increased without cancellation of the original surety bond or any increase in premium.

3. PLEADING—*when right to prorate premium on surety bond not raised by affidavit of defense.* An affidavit of defense, in assumpsit by a bonding company on the written obligation of a third party to pay the premium for a surety bond executed by plaintiff on behalf of bridge contractors, raises no issue of fact as to the right to prorate the premium by an averment that after the execution of the original bond the penal obligation thereof was increased without cancellation of the bond or increase of the premium and where no special damages therefrom are alleged.

4. PLEADING—*when averment of unenforceability of surety bond raises no issue in action against third party for premium.* In an action by a bonding company on the written obligation of a third party to pay the premium for a surety bond executed by the plaintiff on behalf of bridge contractors, an averment of the affidavit of defense that the bond was not enforceable because the bridge contract was invalid under the laws of the State where the bridge was to be constructed for failure of the contracting parties to comply with the foreign corporation laws of such State, presents no issue of fact, where it appears from the statement of claim and the original bridge contract that the contractors were estopped by their representations to deny residency in Illinois, and especially where the parties to the bridge contract received the benefit of the surety bond.

5. PLEADING—*insufficiency of affidavit of defense to raise defense*

Mass. Bond. & Ins. Co. v. The Phillips Co., 230 Ill. App. 38.

of *ultra vires*. In assumpsit by a bonding company against a third party for the premium on a surety bond executed by plaintiff on behalf of bridge contractors in consideration of defendant's written promise to pay the premium, an averment in the affidavit of defense that defendant is a Wisconsin corporation and that its agreement with plaintiff was *ultra vires* raises no defense where it is not alleged that defendant had no beneficial interest in the execution of the bond and that it would not redound to the financial benefit of defendant, and it appears from its corporate powers that it may have been interested in selling supplies to the contractors.

Appeal by defendant from the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1922. Affirmed. Opinion filed June 25, 1923.

. BATES, HICKS & FOLONIE, for appellant.

MOSES, ROSENTHAL & KENNEDY, for appellee; HIRSCH E. SOBLE, of counsel.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

Plaintiff brought suit to recover the premium for a surety bond pursuant to the terms of a bond of indemnity executed by defendant. Certain defenses were presented by an amended affidavit of merits which, upon motion, the court struck from the files. Defendant elected to stand by its affidavit and judgment for $1,400 followed. This appeal seeks a reversal, alleging that the defenses presented were sufficient to raise issues of fact to be tried and that the court erroneously struck the affidavit.

The statement of claim alleged that October 17, 1919, Seymour Standish and William S. Allan, of the State of Illinois, copartners, having their principal office and business in Chicago, Illinois, submitted to the Paris Hugo Bridge Company of Paris, Texas, a written bid to construct a bridge across the Red river between Paris, Texas, and Hugo, Oklahoma, which was accepted, conditioned on Standish & Allan fur-

40    APPELLATE COURTS OF ILLINOIS.

Mass. Bond. & Ins. Co. v. The Phillips Co., 230 Ill. App. 38.

nishing the bridge company a surety bond in the penal sum of $89,292, for the faithful performance of the contract for the construction of the bridge; that Standish & Allan requested plaintiff to become surety on the bond, and as a further inducement therefor The Phillips Company, a corporation, the defendant herein, executed a bond of indemnity, whereby it undertook to save plaintiff harmless from all damages and loss which it might sustain by reason of having executed the surety bond and also "to pay or cause to be paid to the Company the premium on said bond promptly upon the execution thereof." The statement of claim further alleges the execution of said bond, its delivery to the bridge company, the execution of a formal written contract between the bridge company and Standish & Allan for the construction of the bridge, and the complete performance of this contract in accordance with its terms. This suit is for the premium on the surety bond, which plaintiff asserts defendant is obligated to pay by virtue of its undertaking above quoted.

Defendant argues that this is an action in debt on a bond, of which the municipal court does not have jurisdiction, citing *People v. Dummer*, 274 Ill. 637. This case has been distinguished in *Strassheim v. Barnes*, 212 Ill. App. 299, where it is held that the municipal court has jurisdiction in an action of debt, which is one of the forms of action *ex contractu*. Furthermore, the instant case is essentially in assumpsit upon an express contract.

Pursuant to an order plaintiff filed a copy of the surety bond it executed, which is dated November 17, 1919. Defendant alleges that this is not the surety bond which was in force, but that a materially different bond was substituted for it January 4, 1920, at the request of plaintiff and without the assent of defendant, in which the obligation was for a larger amount. The well-known rule is invoked that a mate-

rial alteration in a contract made without the assent of the surety discharges the guarantor. Plaintiff is not seeking to be indemnified under the bond of defendant, but is seeking the payment of the premium for its surety bond, which defendant agreed in its bond of indemnity to pay, not as a collateral, but as an original promise. Where the agreement is an original undertaking to pay, a recovery may be had as soon as a breach of the promise exists, and the measure of damages is the full amount agreed to be paid. This rule is well established and supported by many decisions. *In re H. L. Herbert & Co.*, 262 Fed. 682; *Mills v. Allen*, 133 U. S. 423; *Wicker v. Hoppock*, 6 Wall. (U. S.) 94; *Resseter v. Waterman*, 151 Ill. 169; *Illinois Surety Co. v. Munro*, 209 Ill. App. 407; 22 Cyc. 80. The undertaking of defendant in its bond was to pay the premium upon the surety bond executed by plaintiff for Standish & Allan "promptly upon the execution thereof." The obligation of defendant, as an original promisor to pay the premium, was complete when the bond referred to was executed.

It would not be just to relieve defendant of this promise because the penalty in the surety bond for the construction of the bridge was subsequently increased. The premium was not increased and defendant pays no more than it promised to pay. It would be unreasonable to deprive plaintiff of the premium agreed upon solely because it assumed a larger liability in its surety bond than first contemplated, and defendant should not be relieved of its promise because the parties for whose benefit the surety bond was executed by plaintiff received more than they first bargained for.

This applies also to the claim that the premium should be prorated with reference to the time of the substituted surety bond; but there was no cancellation of the surety obligation but only an increase in the amount of the penalty in the bond. Defendant's

obligation to pay the full amount of the initial premium became absolute and unconditional upon the execution of the first bond, and in the absence of any allegation of special damages we see no convincing reason why, under these circumstances, it should escape this obligation.

It is further presented as a defense that the partnership of Standish & Allan consisted of them and also J. H. Wilhelm, a citizen of Oklahoma; that practically all the bridge to be completed was within the State of Oklahoma, and the contract was to be performed there, and that the surety bond issued by plaintiff guaranteed the performance of a contract for business in that State; that the obligee, the Paris Hugo Bridge Company, was a Texas corporation and had not complied with the laws of Oklahoma and had secured no license to do business there, and that under the laws of Oklahoma contracts between such foreign corporations and citizens of that State are null and void; that therefore plaintiff's surety bond was tainted with the illegality of the unlawful contract, and there was no obligation which could be enforced against it by the bridge company.

In plaintiff's statement of claim it is alleged that Standish & Allan were residents of Illinois. The contract was so executed by them and in any suit against them brought by the bridge company they would be estopped from claiming citizenship in any other State. *Stewart v. Metcalf*, 68 Ill. 109.

Further, the parties to the contract received the benefit of the surety bond and cannot now raise this point as a defense to a suit for the premium. *Moses v. Royal Indemnity Co.*, 276 Ill. 177.

The consideration for the execution of the indemnity bond by defendant was the execution by plaintiff of its surety bond. The only condition obligating defendant to pay the premium was the execution of the surety bond, and even were the original contract

for the construction of the bridge void, this illegality would not extend to the promise of defendant in its bond to pay the premium on the surety bond. The test is that plaintiff can make out its case without reliance upon the contract, so that any possible illegality therein cannot affect the new and separate contract of defendant with reference to the premium. As has been elsewhere said, the moral turpitude involved in the original contract may be considered in fixing the degree of proximity necessary to taint the new contract. Defendant cannot taint its obligation under the new contract by a speculative charge of possible illegality in the original contract with respect to a penal statute, and especially after the bridge has been completed in compliance with the contract. *Missouri Fidelity & Casualty Co. v. Art Metal Const. Co.,* 242 Fed. 630; *Ramsay v. Crevlin,* 254 Fed. 813; *Mechanics' Ins. Co. v. Hoover Distilling Co.,* 182 Fed. 590; *Armstrong v. Toler,* 11 Wheat. (U. S.) 258.

Defendant asserts that the contract sued upon was *ultra vires* the defendant corporation. This is a Wisconsin corporation and its corporate powers must be determined by the laws of that State. The trial court considered the decision of the Supreme Court in *Security Nat. Bank v. St. Croix Power Co.,* 117 Wis. 211. It is there held that the doctrine of *ultra vires* cannot be used by a corporation entering into business relations as a means of defeating obligations assumed, and that the State alone can invoke the doctrine of *ultra vires.*

In Illinois it is the rule that while a corporation generally has no power to execute a bond of indemnity, if, however, this redounds to the financial benefit of the corporation, it may be a valid and enforcible obligation against such corporation; that such corporation may, for the purpose of advancing the objects and purposes for which it was created, do many acts which otherwise would be *ultra vires. Midland Tel.*

*Co. v. National Tel. News Co.,* 236 Ill. 476; *Standard Brewery v. Creedon,* 283 Ill. 474; *Central Lumber Co. v. Kelter,* 201 Ill. 503. It follows, therefore, that defendant to present the defense of *ultra vires* sufficiently under the Illinois law should have alleged that it had no beneficial interest in the execution of the indemnity bond, and that its execution would not redound to its financial benefit.

Defendant's corporate powers were to manufacture, sell and ''deal in any supplies or articles of merchandise or commerce,'' which is consistent with the fact that defendant was interested in making sales of merchandise to Standish & Allan for the purpose of the construction of the bridge, and that this was the consideration for the execution of the indemnity bond. A similar affidavit of defense was held bad in *Blue Island Brewing Co. v. Fraatz,* 123 Ill. App. 26.

We hold that no legal defense was presented by the amended affidavit of merits and that it was properly stricken. The judgment is therefore affirmed.

*Affirmed.*

MATCHETT and JOHNSTON, JJ., concur.